# Charleston.

WILLIAM A. DUNBAR *vs.* CAROLINE DUNBAR, *et al.*

January Term, 1872.

When a party files an undertaking and gives notice of an appeal, according to the provisions of chapter 135, of the Code of 1868, in any case, from a judgment, order or decree, the jurisdiction of the circuit court *quoad* the judgment, order or decree appealed from, ceases pending such appeal; and it is not competent for such court to proceed in disregard of such appeal, to carry the judgment, order or decree into execution. It is not competent for such court to determine the *legality* of such appeal.

This was an application for a writ of prohibition, filed in this court on the 30th of January, 1872. The petition alleged in substance that, on the 29th of January, 1872, an order had been entered in the circuit court of Kanawha county, on motion, after notice given, in the cause of Caroline Dunbar against petitioner, William A. Dunbar, which was a suit for Divorce and Alimony, giving to the plaintiff, Caroline Dunbar, custody of the child of the litigants, (pending the suit for Divorce,) and requiring the petitioner to surrender the child to the Sheriff, or that the latter proceed to take possession of it wherever found, and deliver it to the plaintiff, Caroline Dunbar. That on the day the order was so entered, the petitioner filed with the papers in the case, an undertaking for an appeal, in pursuance of chapter 135 of the Code of West Virginia, and that he had given the plaintiff written notice of his appeal; which filing and proof of notice defendant brought to the attention of the circuit court, and asked that the filing of the undertaking be noted on the record; and that the court refused so to do. That the court, through the Sheriff, was preparing to execute the decree, and deliver the child

into the custody of the plaintiff, Caroline Dunbar, in contempt of this court by reason of the alleged appeal thereto.

The answer of the judge against whom the writ was awarded, was in substance, that he was of opinion that there was no right of appeal from the order, and therefore he declined to permit any note to be made of the filing of the undertaking. He denied all contempt, &c.

*Ferguson and Nash* for the petitioner.
*Miller and Quarrier* for the defendant.

BERKSHIRE P.   This is an unusual proceeding and involves a question of much delicacy as well as practical importance.

The foundation of the rule for the prohibition is the decree rendered by the circuit court of Kanawha county, on the 29th of January, 1872, in the suit in chancery, then and now pending therein, between Caroline Dunbar as complainant, and William A. Dunbar, her husband, as defendant. By this decree the temporary custody of the infant child of the complainant and defendant was awarded to the former pending the suit, (which was instituted for the purpose of obtaining a divorce, &c.,) and the sheriff of the county was required and ordered to execute the decree, if the defendant should fail to do so, by delivering the child over to the complainant. It appears that upon the rendition of this decree the defendant executed and filed with the clerk of said court an undertaking with proper security in accordance with the third section of chapter 135 of the code of West Virginia p. 639, and the court being still in session, the defendant asked that the *filing* of such undertaking might be noted on the record. But the court refused to allow the filing of the same to be so entered, for the reason that, in its opinion, the decree or order was not such as the defendant under the provisions of said chapter had a right to appeal from; and at the same time signed a bill of exceptions at the instance of the defendant, showing such refusal and stating the reasons therefor.

In his answer to the rule the judge of the circuit court also admits the facts set out in the petition for the rule as to the rendition of the decree, the filing of the undertaking with security, and the refusal of the court to note such filing on the record, assigning as a reason for such refusal, that in his

judgment the said decree did not come within any of the provisions of the first section of said chapter, 135, and consequently was not an appealable decree or order; and that the defendant could not give it *that effect* by filing such undertaking. But he denies that, as alleged in the petition, the circuit court is attempting, through the sheriff of the county, to carry the decree into effect, by taking the child in controversy from the custody of the defendant and delivering it to the complainant. The undertaking is in the usual form prescribed by the first clause of the third section : where a party desires a stay of execution, the undertaking of the appellant and his surety being that if the decree appealed from is affirmed the appellant will abide by and perform the decree of affirmance, and also pay to the appellee or any person injured all such costs and damages as they or either of them may incur or sustain by reason of appeal. The object in requiring that the filing of the undertaking during the term at which the order, decree or judgment appealed from was made or rendered shall be noted on the record, is that the opposite party may have notice of such appeal. But the object, I think, must be regarded as well accomplished in a court where the noting of such filing on the record is resisted, as in this case, by the appellee, and the motion or leave to do so overruled at his instance. This question, however, does not necessarily arise in this case, as a formal notice in writing of the filing of said undertaking was duly served on the appellee and no question was made here as to the want or insufficiency of notice. Regarding the appeal thus sought to be taken from said decree, as perfected at the time of such refusal to note the filing of the undertaking on the record, the precise question before us for adjudication is, *what effect* had the filing of such undertaking on the jurisdiction of the circuit court *quoad* the decree appealed from? In *William* vs. *Gale and others*, 4, Grat. 180, an appeal had been allowed by the court of appeals of Virginia, or one of the judges in vacation within the time limited by law, but no *bond* had been executed by the appellant within such time. It was held that the cause was pending in that court from the time of the order allowing the appeal, notwithstanding the bond was not executed for more than five years thereafter, and that the appeal could only be

72

dismissed by *that* court in the mode provided by law. And it was further held that *until* such bond was executed the pro-ceedings were not stayed, and the appellee could not be ob-structed in the execution or enforcement of his decree. The same principle was reaffirmed in the case of *Yarborough and wife* vs. *Deshazo,* 7 Grat. 374. Now it is very obvious, I think, that an appeal perfected in the mode prescribed in the chap-ter cited, must have the same effect in transferring the case appealed, from the circuit court to this court, as an appeal allowed on petition and assignment of error under the law prior to the code of West Virginia, and also the same effect as to the staying the proceeding, (where the undertaking so provides,) as was produced by the execution of a supersedeas bond under the former provisions of the statute. As to the decree appealed from, therefore, we must consider this as a case regularly pending in this court.

The question whether the appeal was *legally* taken is not now before us, and we need not therefore consider it. But the sole question to be now determined is whether it was competent for the circuit court to determine for itself the *le-gality* of such appeal, and to proceed notwithstanding, to enforce or carry into effect the decree or order appealed from. The 5th section of the same chapter provides that, upon the filing of the undertaking necessary to a stay of execution, &c., with notice to the appellee in the manner provided for, " all further proceedings upon the judgment, order or decree *appealed* from shall cease; and if an execution has been is-sued thereon, the clerk shall notify the officer in whose hands the same may be, of the filing of such undertaking, and such officer shall thereupon return the execution as follows: 'Stayed by appeal.'" From this explicit and definite lan-guage there can be no shade of doubt, that all proceedings on any judgment or decree appealed from must absolutely cease until the questions arising upon such appeal are determined by the proper tribunal. And it seems to me equally clear that these questions can *only* be determined by the court where the case, as to the judgment, order or decree appealed from, is properly pending. I must conclude therefore that upon an appeal (with stay of execution) in any case from a judgment, order or decree the jurisdiction of the circuit court

*quoad* the judgment, order or decree appealed from ceases, pending such appeal, and that it is not competent, therefore, for such court to proceed, in disregard of such appeal, to carry such judgment, order or decree into execution. Any other construction, it is evident, would be found not only to be inconvenient in practice, but must lead to great confusion and irreparable mischief. And a single example, it seems to me, will be sufficient to vindicate the construction we have adopted, and illustrate the impropriety of the *competing* construction. For let us suppose a case, which *might* and probably *would* sometimes happen if the position of the counsel for the defendants in this proceeding should prevail. A party who conceives himself aggrieved by a judgment or decree rendered against him in favor of an irresponsible or insolvent party, appeals for relief to this court by executing and filing such an undertaking, with stay of execution as the law requires. Pending such appeal, however, the circuit court, conceiving that such an appeal could not be legally taken, and having the *right*, as now claimed, to disregard it, proceeds to execute the decree; and yet on the hearing of the appeal, this court should sustain the appeal and reverse the judgment or decree complained of. In such a case the remarkable instance would be presented of an irresponsible party being permitted to reap the full benefit of an erroneous judgment or decree, without let or hindrance; while his adversary, who had complied with the law by giving his undertaking with security, to secure and indemnify such irresponsible party, is left to his fate without remedy, although, as it turns out, he was in reality in no wise liable for anything whatever: a construction that may lead to such serious consequences, it seems to me, cannot be defended and ought not to be adopted. Upon the whole, I think the prohibition in this case ought to be awarded.

The other judges concurred.

WRIT OF PROHIBITION AWARDED.