Moncure, P.,
delivered the opinion of the court. .
*776 These three cases involve the question of the constitutionality of the provision of the act passed April ■ 2, 1873, entitled “an act to amend and reenact section fourteen of chapter one hundred and seventy-seven of the Code of 1860, in relation to interest,” which is in these words: “provided, however, that in all suits for the recovery of money founded on contracts, express or implied, or on causes of action, or on liabilities which were entered into or existed, or where the original consideration accrued prior to the tenth day of April, eighteen hundred and sixty-five, it shall be lawful for the court or jury, by w’hom the suit may be tried, to remit the interest upon the original debt found to be due, or any part thereof, for the period commencing on the seventeenth day of April, eighteen hundred and sixty-one, and ending on the tenth day of April, eighteen hundred and sixty-five, or for any portion of said period. And on any judgment or decree heretofore rendered, which has not been paid, the defendant may on motion, after ten days’ notice to the plaintiff, cause the same to be reviewed by the court in which it was rendered, and if it shall appear from the record that the judgment embraces interest,' which accrued between April the seventeenth, eighteen hundred and sixty-one, and April tenth, eighteen hundred and sixty-five, it shall be lawful for the court to cause said judgment to be abated to the extent of the interest so embraced. This provision shall not be so construed as to give authority to any court to review such judgment for any other cause whatever,” &c. Acts of Assembly 1872-’73, chap. 353, p. 344; Code of 1873, ch. 173, section 14.
The first of these cases, Cecil v. Deyerle &c., is a writ • of error to a judgment of the circuit court of Montgomery county, rendered on the 14th day of May *777 1878, on a motion to the said court made by said Deyerle and O. T. Barnett, under the said act, to remit the interest for the time embraced between the period of the 17th day of April 1861, and the 10th day of April 1865, on a judgment obtained in said court on the 14th day of May 1867, in an action of debt then pending in said court, in which said Cecil was plaintiff, and said Deyerle and Barnett were defendants, whereby the said plaintiff recovered against the said defendants the sum of $814.76, with interest thereon from the 7th day of March 1861 till paid, and his costs by him about his suit in that behalf expended. The said Cecil opposed the said motion, on the ground that the said court could not reopen and review the said judgment under the authority of the said act, and that said act is in conflict with, and in violation of, the constitution of the state and of the United States; and the said parties to the said motion being heard by counsel, and' it appearing to the court that the notice to abate the interest had been duly served on the defendant to the motion for more than ten days, and the court being of opinion that said act is not in violation of the constitution of this state or of the United States, and it further appearing by the record that the •said judgment embraces interest which had accrued between the 17th day of April 1861, and the 10th day of April 1865, at the rate of six per centum per annum, the court ordered that the said interest, amounting to the sum of $191.88, be abated from said judgment. The said Cecil applied to a judge of this court for1 a writ of error to the said order, which was accordingly •awarded, and is the first of the three cases now under •consideration.
The second of them, Linkous &c. v. Shafer &c., is a writ of error to a judgment of the same court, ren *778 dered on the 24th day of September, 1874, on a motion to the said court made by Peter Shafer, adm’r of B. Bane, dec’d, against Burgess R. Linkous,, under the said act, to review the judgment obtained ™ 8a^ court on the 17th day of April, 1866, by Frederick Broce for the benefit of said Linkous, against the said Shafer, adm’r, as aforesaid, for $246, with interest thereon from the 9th day of February, 1861, and costs, and to abate the interest which may have accrued thereon between the 17th day of April, 1861,. and the 10th day of April, 1865, which amounts. to $58.79. The said Linkous opposed the motion on the ground that the court could not review the said judgment under the authority of the said act, and that the said act is in conflict with, and in violation of, the-constitution of this state, and of the United States. But the court being of opinion that said act is not in violation of the constitution of this state or of the-United States, ordered that the said interest which accrued on the principal of said judgment between, said dates, amounting to the sum of $58.79, be abated from said judgment. The said Linkous applied to a judge of this court for a writ of error to the said order, which was accordingly awarded, and is the second of the three cases now under consideration.
The third and last of them, Garnand &c. v. Childress &c., is an appeal from a decree of the same court, rendered on the 24th day of September 1874, in the case of George Garnand &c. v. Thomas D. Childress &c. It appears from the record in the ease that the petitioner» for the said appeal, as set out by them in their petition, “are the judgment creditors of Thomas D. Childress, Stephen Childress and William M. Childress, some of which judgments are against them jointly, and others, separately, the same being fully set forth in the record* *779 All these judgments were rendered by the circuit and county courts for the county of Montgomery prior to the 2d day of April, 1873. Most of the judgments were rendered by default; in two or three, however, the defendants appeared and plead, and afterwards withdrew their defence and allowed judgment to be entered by default for the amount of principal and interest due on the debts therein named.”—“For the purpose of enforcing their several judgment liens as against the lands held and owned by defendants, your petitioners and other judgment creditors, on the 15th day of December 1870, instituted-in the name of George Garnand &c., a suit. This suit was brought in the circuit court of said county, and such steps were taken in said cause, that a decree was entered directing a commissioner to sell so much of the lands belonging to the defendants as would satisfy them their several judgments. Such sale was made; but before the funds were distributed between your petitioners, the said circuit court, acting in chancery, and upon the ex parte motion of the said Childresses,, entered the decree herein complained of, by which decree your petitioners are each made to lose the interest that had accrued on each of their debts between the 17th day of April 1861, and the 10th day of April 1865.” The said petitioners applied to a judge of this court for an appeal from the said decree, which was accordingly allowed, and is the third and last of the said three cases now under consideration. Among the errors assigned in the said petition are the following:
“ Istly. That in so far as it alters, or attempts to alter, the contracts of the parties in the several judgments named in commissioner Hagan’s report, or undertakes to alter, review or annul the judgments which had been rendered by the circuit and county court between *780 the said parties, or undertakes to take from the petitioners their private property, and vest the same in the • defendants, it is erroneous, inequitable and unjust; and that so far as the act of the General Assembly of Virginia, in force April 2d, 1873, chapter 353, purports to authorize such action on the part of any court, it violates the provisions of the constitution of the United States and of this state, and is therefore void.”
“2dly. The courts having adjudicated the rights of these parties, and determined what amount of principal and interest should be recovered by the creditors as against the debtors before the passage of the act of 2d April 1873, the general assembly had no power to pass an act authorizing the courts which had rendered the judgments, or any other court to review said judgments, with the view and for the purpose of taking from the plaintiffs a part of their claims, and giving the same to the defendants.”
“ 3dly. By the decree herein complained of, it will be perceived that the petitioners and the other judg- . ment creditors named in the report have been deprived of $4,442.54 of money justly due them, and this large sum has been by the chancellor given to the debtors without the creditors’ consent, and against their solemn protest.”
When the judgments and decree sought to be reversed in these three cases were rendered, there had been no decision of this court on the question of the constitutionality of the provision before mentioned of the act passed April 2, 1873', as aforesaid. But such a decision has since, and recently, been made in two cases not yet reported in a regular volume of the reports of the decisions of this court, because nó volume of such decisions, coming down to so late a period as that at which those cases were decided, has yet been. *781 reported, but they will be reported in the next volume to be published, and they are already reported in that excellent periodical, The Virginia Law Journal, published by Messrs. George L. and Frank W. Christian in Bichmond. See the Bo. of that work for March 1877, pp. 168-178. The cases referred to are Roberts’ adm’r v. Cocke &c., and Murphy v. Gaskins’ adm’r. See supra 207.
In the former, Roberts’ adm’r v. Cocke &c., the plaintiff brought an action of debt in the court below upon a bond dated on the 12th day of December 1860 for “$762, with interest from date, payable nine months after date.” The defendants filed three pleas: 1st, payment;- 2d, a plea averring that the bond sued on was entered into prior to the 10th day of April 1865, and praying judgment that the interest on the bond from the 17th day of April 1861, till the 10th of April 1865, be remitted, in accordance with the act aforesaid (to wit: the act passed April 2, 1873); and 3d, a plea of the like tenor and with the like prayer as the 2d, with the further averment, that “the confusion of the business relations of the country, incident upon the secession of the state of Virginia from the United States, and the war consequent thereupon between the Confederate States and the United States was so great and disorganizing, that the principal money in said writing obligatory specified, was not worth any interest between the periods aforesaid to the defendants, who were citizens of the county of Fauquier, which was occupied from time to time by the Federal troops.” The plaintiff took issue on the plea of payment, and demurred severally to the other two pleas. The demurrer was overruled, and neither party demanding a jury, the whole matter of law and fact was submitted to the court; and the bond sued on being given in evi *782 dense, and being all the evidence, the court gave judgment for the plaintiff for the principal sum specified in the bond, with interest from the time it became payable until the 17th day of April 1861, and from the 10th day of April 1865, until 'payment and for costs, expressly remitting the interest between the dates aforesaid. In the second case, that of Murphy v. Gas-kins’ adm’r, the plaintiff, Frances A. Murphy, in the year 1869, brought an action of covenant in the circuit court of Fauquier county, upon an instrument under seal of the tenor following:
“ Received NovT 26th, 1860, of Frances A. Murphy $500, to bear interest from date. I also agree to, and put a negro boy, Abraham, in pond (meaning in pawn) to secure the payment of the same. Whenever the $500 is paid to Mrs. Murphy, with legal interest, the said boy no longer belongs to the said Mrs. Murphy, but the title returns back to me. Given under my hand and seal this the 26th day of November 1860.
John Gaskins, [Seal].”
The defendant pleaded to this action “covenants performed,” and “covenants not broken,” upon which pleas issues were made up, and neither party demanding a jury, the issues were tried by the court on the 4th day of April 1872, and judgment was rendered for the plaintiff for the $500 in the covenant specified, with interest from the date thereof, and for costs. On the 12th day of April 1878, the personal representative of John Gaskins, pursuant to notice, made a motion in the circuit court of Fauquier county for a review of the judgment aforesaid, and an abatement of the interest included therein between the 17th day of April 1861, and the 10th day of April 1865, and the court rendered judgment accordingly, abating said interest. *783 Upon the hearing of the motion, the only evidence adduced was the record of the first judgment, including the covenant on which it was rendered.
The judgments of the court below in these two cases were brought up to this court by writs of error for revision and review, and upon such revision and review were considered and adjudged by this court to be ei’roneous, based as they are solely on the said act of the general assembly, passed on the 2nd day of April, 1873, and were accordingly reversed and annulled. The unanimous, opinion of the court, consisting of three judges, was delivered by Judge Burks; from whose opinion we have taken the statement of the cases.
The head notes to the report of these cases in the Virginia Law Journal, seem to be a correct synopsis of the opinion delivered therein. They are as follows:
1. “ Where, during the late war, a creditor resided within the territoi’y of one of the belligerent powers, and his debtor within that of the other of said powers, •such debtor would, under the rules of public law, be entitled to an abatement of interest during the time the war lasted.
2. “But where the debtor and creditor resided within the same territoi’y, the mere existence of war does ’ not, alone, furnish any legal ground for the abatement of interest upon contracts during the time such war lasted.
3. “In contracts for the payment of a certain sum •of money, interest on the principal sum is a legal incident of the debt, and the right to it is founded upon the presumed intention of the parties.
4. “ Wherever there is a contract express or implied for the payment of legal interest, the obligation of the •contract extends as well to the payment of the inter *784 est, as it does to the payment of the principal sum, and neither the courts nor the juries ever had the arbitrary power to dispense with the performance of such contracts, either in whole or in part.
5. “The laws which subsist at the time and place of the making of a contract and where it is to be performed, enter into and form a part of the contract, and that, whether such laws affect its validity, construction, discharge, or enforcement.
6. “ While it is competent for the state to alter or change the remedy on a contract, this can only be done where the change does not impair substantial rights. *
6. “The act of the general assembly, approved April 2, 1873, entitled ‘ an act to amend and reenact sec. 14, eh. 187, of the ,Code of 1860, in relation to interest,’ so far as said act confers upon courts and juries, in the suits therein mentioned, power to remit interest as therein provided, on- contracts entered into prior to April 10, 1865, which said courts and juries did not have under the laws in force at the time such contracts were entered into, is repugnant to the constitution-of the United States and of this state, and is so far null and void.
8. “And so much of the said act as empowers the courts to review judgments and decrees upon motion, and to abate interest as in said act provided, is repugnant to the constitution of the United States and of this state, and therefore void.”
Tbe decision of the court in these two cases is conclusive of the three cases now under consideration, and requires the reversal of the judgments in the first two and the decree in the third, with costs to the plaintiffs in error and appellant both in this court and in the court below.
*785 The only apparent distinction between those two cases and the three now under consideration is, that in each of the original obligations in those two cases there is an express promise to pay interest from date, while there is no such express promise in any of the original bonds or notes in the three cases under consideration. But that is a distinction without a difference. On all the original bonds and notes, in all of the said cases, judgments had been rendered before the passage of the act of April 2nd, 1873, each of which judgments was expressly for running interest from a named day. No mere promise to pay interest can be of higher or stronger obligation than a judgment for interest. A judgment is a debt, and of higher dignity than a debt due by mere contract, whether simple or a specialty; and is moreover res adjudicata, which can only be reversed and annulled in the mode prescribed by law. The bonds and notes on which all of the said judgments were rendered were merged in the judgments respectively, and they all stood on the same footing of debts of record.
There is a passage in the opinion of the court in the two cases heretofore decided as aforesaid in these words: “We do not mean to say, however, that there may not be special cases attended with circumstances connected with, or growing out of the war, which would furnish legal cause for the abatement of interest. When such cases arise, they must be decided according to the law applicable to the peculiar facts and circumstances of each case. We can only lay down the general rule.” It is sufficient here to say on that subject, that if there may be such special cases, neither of the three cases now under consideration is one of them, but all of the said three cases fall within *786 the general rule, precisely as did the two cases heretofore decided by this court.
We have, in the foregoing opinion referred to, no other authorities than the recent decision of this court in the two cases aforesaid, that being a binding authority, and perfectly conclusive of all these cases. In the opinion of the court, delivered by Judge Burks in those two cases, all the material authorities are cited, and many of them commented on, which renders any citation of them in this opinion unnecessary.
Judgments and decree reversed.