# 𝕽𝖎𝖈𝖍𝖒𝖔𝖓𝖉.

## McVEIGH'S EX'OR v. HOWARD.

### April 2d, 1891.

1. BONDS—*Interest—When payable.*—It is the settled rule that when no day is named in a bond or note given for payment of a debt, it is due and payable on the day of its date, and bears interest from date, though no interest be reserved.

2. IDEM—*Case at bar.*—A bond in the words " In consideration of professional services rendered to me by H., I owe, and hereby promise to pay to him, $10,000," is a promise of payment *in præsenti,* and bears interest from date.

Error to judgment of circuit court of city of Alexandria, rendered on the 23d day of September, 1890, in an action of debt, wherein John Howard was plaintiff, and S. Ferguson Beach, executor of William N. McVeigh, deceased, was defendant. The action was founded on the following bond: "$10,000. Richmond, Va., Jan'y 9th, 1878. In consideration of professional services rendered to me by John Howard, Esq., I owe, and hereby promise to pay to him, ten thousand dollars. Witness my hand and seal, this day and year above written. W. N. McVEIGH. [Seal.]" On the bond was the following indorsement: "The within obligation, to the extent of nine thousand dollars ($9,000) is secured by a first judgment lien on ample real estate in Alexandria, this day assigned by me to Mr. Howard. W. N. McVEIGH. Richmond, Jan'y 9th, 1878." The bond was also indorsed with several credits, aggregating about $7,000. To the plaintiff's declara-

tion the defendant pleaded as follows: "For a plea to the plaintiff's action the defendant says that his testator, William N. McVeigh, during his lifetime, paid to the plaintiff the full amount of money in the writing obligatory specified, according to the tenor and effect thereof. And this he is ready to verify. Wherefore," etc. "For a further plea to the said action, the defendant says that his testator, during his lifetime, made the payments following upon the said writing obligatory, viz:

| 1882. | | | | |
|---|---|---|---|---|
| Feb'y 24. | Cash per Com'r C. W. Wattles, | - | $1,343 | 17 |
| March 4. | "        "        " | - | 693 | 50 |
| 1885. | | | | |
| Feb'y 26. | Proceeds John T. Cox bond, | - | 616 | 28 |
| "    " | Cash judgment v. Alf'd Chapman, | | 60 | 00 |
| June 24. | Cash per C. W. Wattles, com'r, | - | 4,167 | 68 |
| | Total, - - - - - | | $8,814 | 35 |

—And this he is ready to verify. Wherefore," etc. "S. Ferguson Beach, Executor." To which pleas the plaintiff replied generally, and issue was joined thereon; and thereupon came a jury, etc. On the trial of the cause the bond and the indorsements thereon constituted all the evidence, no other testimony having been offered on either side. The defendant's counsel moved the court to give to the jury three several instructions, as follows: "(1) On an obligation to pay money at a future day, interest runs only from the day of payment, and not from its date, unless interest from date is expressly reserved. (2) The obligation sued on in this case is an obligation to pay money at a future day, when payment should be demanded, and interest upon it runs only from the time of demand actually made. (3) In the absence of any demand, specially made and proved, the interest on said obligation

runs from the date of the commencement of the suit" But the court refused each of these instructions, and the defendant excepted. Then, on the motion of the plaintiff, the court instructed the jury that the bond sued on bore interest from its date, and to this ruling the defendant also excepted. The jury found a verdict for the plaintiff, as follows: "We, the jury, find the issue joined for the plaintiff, and that the defendant is indebted to the plaintiff in the sum of $7,652.63, the debt in the declaration mentioned, with legal interest thereon from the 25th day of June, 1885." Motions were made in arrest of judgment, to set aside the verdict and grant a new trial, but the court overruled these motions, and entered judgment according to the finding of the jury; and to this action of the court the defendant also excepted, and in his bill of exceptions sets forth the facts and all the evidence, as above stated, which was signed and sealed by the court, and made a part of the record; and the defendant applied for and obtained a writ of error and *supersedeas* to said judgment and rulings.

*S. F. Beach*, for the plaintiff in error.

*G. A. Mushbach*, for the defendant in error.

RICHARDSON, J. (after stating the case), delivered the opinion of the court.

All the evidence adduced on both sides at the trial was the bond sued on and the indorsements thereon. The defense attempted to be set up by the defendant (the plaintiff in error here) is presented in the three instructions asked for by him, and refused by the court. The first instruction asserts the undeniably correct proposition as an abstract question of law, that on an obligation to pay money at a future day, interest runs only from the day of payment, and not from its

date, unless interest from date is expressly reserved; but it has no application to the bond sued on in the present case, as will at once appear from the language of the bond, viewed in the light of repeated decisions of this court. The second and third instructions asked for by the defendant may be considered together. They were clearly founded on a misapprehension of the legal effect of the bond sued on, and were rightly refused. They are as follows: "(2) The obligation sued on in this case is an obligation to pay money at a future day, when payment should be demanded, and interest upon it runs only from the time of demand actually made," and (3) "in the absence of any demand, specially made and proved, the interest on said obligation runs from the date of the commencement of the suit." In utter disregard of the grammatical sense and plain import of the words employed in the bond, it is assumed in the second and third instructions asked for by the defendant, (1) that the bond sued on is one which obliges the obligor to pay money at a future day, when payment must be demanded, and, if the demand of payment be not then made, the interest runs only from the time of suit brought; (2) that, inasmuch as there was no proof of a demand of payment made prior to the bringing of the suit, interest cannot be recovered except from the time the suit was commenced. Is the bond, in tenor and effect, such an instrument as it is thus assumed to be? We think not. Let the bond be its own interpreter. It is dated January 9, 1878, and the pivotal language is: "In consideration of professional services rendered to me by John Howard, Esq., I owe, and hereby promise to pay to him," etc. The antecedent words, "in consideration of professional services rendered to me," etc., cannot by possibility be tortured into any meaning other than that the professional services referred to had been performed prior to the date of the bond. This being so, then the language, "I owe, and hereby promise to pay," etc., is

purely consequential upon that preceding it, refers only to the services theretofore rendered by the obligee to the obligor, and is but the simple acknowledgment by the latter of his indebtedness, and his promise to pay for such services the sum stipulated in the bond. What possible interpretation can be given to the expression "I owe" other than that the obligor then, at the time of executing the bond, owed the debt specified therein; and so as to the language, "and hereby promise to pay to him," which can only mean that the obligor, in recognition of the obligation resting upon him, promised to pay then, at the very moment of executing the bond, the debt evidenced thereby. And the language of the instrument, taken altogether, is but a simple acknowledgment of and promise to pay a pre-existing debt—a debt then due for services already rendered. The bond in suit stipulates for no day in the future as the day of payment. On the contrary, it is an express acknowledgment, under seal, of a precedent debt of a sum certain, and is an equally express and solemn promise of payment in *præsenti*. This obligation of present payment conferred the right of action on the bond immediately upon its execution and delivery, and interest was a legal incident of the obligation from its date. It is admitted by the learned counsel for the plaintiff in error that in the familiar case of an obligation payable "on demand" it is payable presently, and bears interest from date, which admission is based on the express language of this court in *Omohundro* v. *Omohundro*, 21 Gratt., 631, where it is said that the words "on demand" have a plain, distinct, clearly defined, legal, and popular signification, well known to the courts and to the people, and by which the parties perfectly understood that the debt is payable presently, that it is due immediately, and bears interest from date. But it is sought to distinguish such an obligation containing the words "on demand" from the one in suit, where those words are not employed; and it is argued that it was evidently

in the mind of the parties not to create, in form or in effect, the ordinary " on demand " obligation; and that it is not to be supposed that they intended to do what they clearly knew how to do, what they had it perfectly in their power to do, and yet deliberately omitted to do. This argument has no solid foundation in either reason or principle. The question is not what the parties may or may not have intended, but what is the legal effect of what they actually did. If, as is admitted, an obligation to pay "on demand" legally signifies a debt presently due and payable, is it not absurdly illogical to say that an obligation which omits those words is one payable at a future day, although no day or event in the future is specified as the time of payment? If an instrument such as this, which designates no point of time in the future as the time of payment, is an obligation to pay in the future, and if interest runs only from the time of default of payment, who is to determine at what time the default occurred? And would it not have to be determined outside of the contract between the parties? And, if so, would not this be making and enforcing a contract different from that actually entered into by the parties themselves? It is the settled rule that when no day is named in a bond or note given for the payment of a precedent debt it is due and payable on the day of its date, and bears interest from date, though no interest be reserved. Such an instrument, like a bond or note payable, in Virginia, on demand, is payable presently, and bears interest from date. This doctrine is founded in good conscience and correct morals, it having been said by this court, as far back as the decision in *Jones* v. *Williams*, 2 Call, 106, that "it is natural justice that he who has the use of another's money should pay interest on it;" and in *Hatcher* v. *Lewis*, 4 Rand. (Va.) 157, interest was said to follow the principal as the shadow the substance. We are therefore clearly of opinion that the circuit court did not err in refusing the three instructions asked for by the defendant.

Having refused each of the instructions asked for by the defendant, on the motion of the plaintiff the court instructed the jury that the bond sued on bore interest from its date; and this instruction is the subject of the defendant's second bill of exceptions. From what has already been said in considering the instructions asked for by the defendant, it follows that this instruction was properly given. Its correctness, in view of the doctrine upheld by this court, cannot be questioned. See *Chapman* v. *Shepherd*, 24 Gratt., 383, 384; *Roberts* v. *Cocke*, 28 Gratt., 207, 217, 218; *Cecil* v. *Hicks*, 29 Gratt., 4, 5; *Cecil* v. *Dey erle*, 28 Gratt., 775, 783, 784; *Kent* v. *Kent*, Id., 840, 846, 847. Thus, in *Roberts* v. *Cocke*, Burks, J., said: " It has always been lawful in Virginia for parties to contract for the payment of interest for the use or forbearance of money within the limits prescribed by statute; and, in the absence of any express agreement for the payment of interest in obligations for the payment of a certain sum of money on demand, or on a given day, interest on the principal sum from the time it becomes payable is ' a legal incident of the debt,' and the right to it is founded on the presumed intention of the parties." Citing *Chapman* v. *Shepherd*, *supra*, in which Judge Staples, speaking of the defenses which may be made to the recovery of interest on such obligations as were mentioned by Burks, J., in *Roberts* v. *Cocke*, says: " It is true that the debtor may sometimes, under peculiar circumstances, avoid the payment of interest; but these are matters of defense, the burden of which is upon him in all cases. They are offered to show that the obligation to pay has been discharged, and not that it did not originally exist. If no valid ground of defense is shown, the judgment is as certainly rendered for the interest as for the principal. In contracts of the character just mentioned, it is apparent, therefore, that interest is not given as damages, at the discretion of court or jury, but as an incident of the debt, which the court has no discretion to refuse. Wherever there is a contract, ex-

press or implied, for the payment of legal interest, the obligation of the contract extends as well to the payment of the interest as it does to the payment of the principal sum, and neither the courts nor the juries have ever had the arbitrary power to dispense with the performance of either in whole or in part." And in *Kent* v. *Kent, supra,* Moncure, P., said: "A bond payable on demand, or on a certain day, bears interest from the time it is payable, according to the well-settled law of this State, unless there be some contract, express or implied, between the parties, or some extraordinary or peculiar circumstances, showing that interest was not to be paid; and the burden of proving contract or circumstances devolves on the party who seeks to avoid the payment. In the absence of such proof, the obligation for the payment of interest is as much a matter of contract in the case as the obligation for the payment of the principal. In the present case there was no contract, express or implied, that interest should not be paid; and, as already shown, the bond in suit being for a precedent debt, and no time in the future being designated as the time of payment, and although interest was not specially reserved, yet the debt was due and payable on the day of the date of the bond, and from that time interest runs as a legal incident of the debt. It is therefore clear that the circuit court did not err in so instructing the jury.

The defendant's third exception is to the action of the circuit court overruling his motions in arrest of judgment, and to set aside the verdict, and grant a new trial. No ground whatever is shown in support of the motion in arrest of judgment. The only evidence before the jury was the bond sued on and the indorsements thereon. The verdict of the jury was for the balance due on the bond, after applying the partial payments first to the interest on said bond and then to the principal, as authorized by law. For the sum thus ascertained to be due and unpaid the jury found a verdict for the plaintiff,

with interest from the 25th day of June, 1885. The finding was right, and the judgment thereon is without error; hence there could be no ground for disturbing the judgment of the circuit court, which must be affirmed.

JUDGMENT AFFIRMED.