# Richmond.

## DANIEL'S EX'OR v. WHARTON.

### MARCH 15th, 1894.

1. PRINCIPAL AND SURETY—*Release.*—Compromise between principal and obligee in bond signed by former and another, made in consideration of former's surrendering real estate to be immediately applied to the bond and in full discharge thereof: *held*, operates as a release of the other signer whether joint obligor or mere surety, whether such compromise be regarded as an absolute release, or as extending time of payment, or as taking new security.

2. INTEREST—*Funds in custodia legis.*—Where the funds have remained in the court's hands during the litigation, interest, *held* not allowable except from date of judgment.

Appeal from decree of circuit court of Fauquier county, rendered January 11, 1890, in the creditor's suit, wherein Robert A. Banks for, &c., was complainant, and J. J. Halsey and William J. Wharton, surviving executors of William Wharton, deceased, and others were defendants. By the decree Commissioner G. D. Gray was required and ordered to pay to J. S. Wharton, trustee, or his attorneys, the sum of $500, reported by said commissioner to be in his hands, in his report of November 4, 1882, and T. S. Alcocke, executor of S. A. Daniel, deceased, to pay *de bonis testatoris* to said Wharton, trustee, or his attorneys, the costs of this suit accruing since November 4, 1882. Among the debts reported by the commissioner against the estate of William Wharton, deceased, was one in favor of the estate of S. A. Daniel, deceased, amounting to $537, as of the date of the decree. Exceptions

to said debt being sustained by the decree, his executor appealed. Opinion states the case.

*G. D. Gray* and *J. G. Field,* for appellant.

*Rixey & Barbour, James Pollard,* and *J. C. Gibson,* for appellee.

HINTON, J., delivered the opinion of the court.

The bill in this cause was filed in the year 1872, against the executors and devisees of William Wharton, who died in 1858.

Thus it appears that the usual accounts were directed some fourteen years after the death of the said William Wharton. In August, 1875, there was reported the debt which is the cause of the present controversy, it appearing for the first time in the third account which had been taken.

The evidence of the debt is a bond for $200, executed in December, 1850, to William S. Daniel by M. Wharton and William Wharton.

This bond appears on its face to be the joint bond of the parties, but is shown, we think, very clearly to have been the bond of Malcolm Wharton, principal, with William Wharton, as his security. The commissioner reports no personal assets in the hands of the executor of William Wharton since 1864, but no account of the transactions of the executors to show what had been done with the personal property, but it seems probable that it was distributed to his legatees, while, as the counsel for the appellees say, " the creditors slept upon their rights." In October, 1878, commissioners were appointed to make sale of the real estate of the said William Wharton and it was accordingly sold, and the sum of $500 has been in the hands of the commissioner since November 4th, 1882.

In June, 1881, John S. Wharton, his wife, and infant children, as devisees of William Wharton, filed their petition for

review, demurrer, and answer, pointing out the irregularities in the proceedings, suggesting the want of proper parties, and excepting to this claim of Daniel's executor on the ground that the creditor was acting in bad faith, and in contravention of certain articles of agreement and compromise entered into between M. H. Wharton and one M. J. Wharton and their creditors, during the months of March and April, 1868. These agreements were filed as a part of the petition, and special exceptions to the claim of Daniel's executor were noted in the petition.

Under the facts of this case the decree of the lower court seems eminently proper.

By these articles of compromise the creditors of M. J. Wharton, this is, the said Malcolm Wharton, and W. J. Wharton, agree in consideration of the surrender of certain real estate of the debtors for immediate application to their debts to receive such dividend as the property will realize, to be, &c., in full discharge and satisfaction of their debts. And under these articles the real estate of M. H. Wharton and W. J. Wharton was turned over to Joseph J. Halsey, the trustee of the creditors, who continued in possession, collecting rents, and sold a part of it; and this state of things continued from the spring of 1868 until the fall of 1874.

Now that Daniel's executor had the right to unite in the contract of compromise and settlement can scarcely be doubted, and that he did sign the same is admitted. *Boyd* v. *Oglesby*, 23 Gratt., 674. And the effect of this action of the creditor with regard to principal debtor, whether it be regarded as an absolute release of the debt, or as extending the time for the payment thereof, or as the taking of other security, was under the authorities to release William Wharton whether he was a joint principal or a mere surety. Baylies on Surety, sec. 5, p. 119; *Id.*, sec. 20, p. 274; Brandt on Suretyship, sec. 122, p. 173; *Kirby* v. *Taylor*, 6 Johns. Chy., 242; Bishop on Contracts, secs. 869, 870; *Rowley* v. *Stoddard*, 7 Johns., 207; *Garnett's Ex'ors* v. *Macon*, 6 Call., 343.

Opinion.

On the question of interest we feel more doubt, but under the circumstances of the case, as the claim has been in constant litigation and the fund has been in *custodia legis*, we think it better to allow only from the date of the decree.

On the whole, we perceive no error in the decree complained of, and it is affirmed.

DECREE AFFIRMED.