# CHARLESTON.

## CRAWFORD *v.* FICKEY *et al.*

Submitted September 11, 1895—Decided December 11, 1895.

1. RECEIVERS—ORDER TO PAY MONEY.
    An order that a receiver pay a fixed sum to a certain person is a personal judgment or decree against the receiver.

2. JUDGMENT—SETTING ASIDE JUDGMENTS—REVIEW.
    A final judgment or decree of one term of a court can not be impaired or set aside at another term, because of the close of the first term, unless upon such proceedings as the law points out for review.

3. RECEIVERS—INTEREST.
    A receiver will not, as a matter of course, be chargeable with interest, unless special circumstances to warrant it appear.

FRANK WOODS for plaintiff in error, cited 24 W. Va. 279; Code, c. 139, ss. 1, 2, 5; 27 W. Va. 173, 617; 37 W. Va. 762; Code, c. 140, s. 2.

L. D. STRADER for defendant in error, cited 27 W. Va. 617, 638, 639.

BRANNON, JUDGE:

In a suit in equity in the Circuit Court of Randolph county, brought by George W. Yokum, commissioner of school lands, against Fickey and Thomas, to sell certain lands as forfeited for the benefit of the school fund, Fickey and Thomas filed a petition asking leave to redeem the lands, and paid into court a sum of money to effect such redemption; and a decree was made allowing them to redeem, and ascertaining that Fickey and Thomas had paid

in more money than necessary for the redemption, and directing Bushrod W. Crawford, general receiver of the court, to pay out of the fund which had gone into his hands a certain sum to the state, a certain sum to the county, certain sums to the district of Huttonsville, and one hundred and sixty two dollars and thirty three cents to Fickey and Thomas. An appeal from that decree was taken, and it was affirmed by this Court. *Yokum* v. *Fickey*, 37 W. Va. 762 (17 S. E. 318). These sums added make more than the receiver received by charging him with interest; and later, while the said appeal with *supersedeas* was pending, the receiver obtained from the court an order in the case simply relieving him of interest, not saying how much interest or how much he was to pay Fickey and Thomas; but as he received one thousand, six hundred and sixty dollars and eight cents, and stated to the court that he had paid the sheriff one thousand, five hundred and seventy one dollars and sixty seven cents, it would be claimed that the sum of one hundred and sixty two dollars and thirty three cents, going to Fickey and Thomas would be greatly reduced. After the affirmance of the first decree by this Court, Fickey and Thomas, disputing the validity of the order releasing interest, issued an execution against Crawford for the amount which that decree had required him to pay them, with interest from the date of the decree; and Crawford instituted a motion to quash this execution, and it was quashed, and Fickey and Thomas appeal.

The question is: Does the order releasing the receiver from interest operate to modify the decree first entered, directing the receiver to pay out certain specific sums to certain parties, including one hundred and sixty two dollars and thirty three cents to Fickey and Thomas? If it does, waiving its indefiniteness, then quashing the execution was right, as it had no decree to support it for the amount it called for; but, if it was ineffectual to change the former decree, the action of the court quashing the execution was wrong. The provision of the decree directing the receiver to pay Fickey and Thomas a certain sum was a personal decree, on which execution could issue, and which would be

a lien on land.   *Rickard* v. *Schley,* 27 W. Va. 617.   There-
fore, that decree was a final decree in favor of Fickey and
Thomas for this money.   In volume 2, p. 327, of that valu-
able recent work, Encyclopedia of Pleading and Practice,
the rule, based on authorities from every quarter, is defi-
nitely stated, that, "where an appeal has been perfected,
the jurisdiction of the appellate court over the subject-
matter and the parties attaches, and the trial court has no
power to render any further decision affecting the rights
of the parties in the cause until it is remanded."   It is re-
moved to the appellate court.   The lower court has lost
jurisdiction.   *Dunbar* v. *Dunbar,* 5 W. Va. 567; *M'Laugh-
lin* v. *Janney,* 6 Gratt. 609; Elliott, App. Proc. § 541; *Cralle*
v. *Cralle,* 81 Va. 773; 1 Black, Judgm. § 243.   Therefore
the circuit court has lost or been ousted of its jurisdiction,
and its further action to prejudice the judgment is void,
except to preserve the property.   It was void for the fur-
ther reason that a final decree had been rendered, and the
term closed, and no order affecting prejudicially the right
of a party under it could be made.   Opinion in *Morgan* v.
*Railroad Co.,* 39 W. Va. 19 (19 S. E. 588) citing *Ruhl* v.
*Ruhl,* 24 W. Va. 279.   In impairing right to interest, the
judgment is materially changed, as it is a part of the judg-
ment as well as principal.   *Cecil* v. *Deyerle,* 28 Gratt. 775;
*Kent's Adm'r* v. *Kent's Adm'r, Id.* 840; *Pretlow* v. *Bailey's
Ex'r,* 29 Gratt. 212.

The order to the receiver to pay, being a final decree, in
which its beneficiaries had an interest, could it be affected in
this way without notice?   Surely not.   That is another reason
for its nullity.   And, still further, after affirmance of the
decree, it was, as originally entered, final and unchangea-
ble, because *res judicata,* whether that decree was right or
wrong.   *Davis* v. *Henry,* 13 W. Va. 230, point 6.   The af-
firmance in this case being absolute, I am not prepared to
say that it did not operate upon the entire decree and all
parties, though Crawford was not summoned on the ap-
peal.   *Newman* v. *Mollohan,* 10 W. Va. 488, and opinion
page 501, stating the harsh principle relating to affirmance.
See *Ferguson* v. *Millender,* 32 W. Va. 30 (9 S. E. 38) and
cases; *Renick* v. *Ludington,* 20 W. Va. 511, 537.   It was er-

ror, plainly, to charge the receiver interest, as he is not chargeable with it as of course, but only under special cir cumstances, to be shown by him who would charge him. See *Richardson* v. *Hoyt*, 60 Iowa, 70 (14 N. W. 122); *Daniel's Ex'r* v. *Wharton*, 90 Va. 584 (19 S. E. 170); *Darby* v. *Gilligan*, 37 W. Va. 59 (16 S. E. 507). But this error can not be reached now.

But the point is made by counsel that the receiver was no party to the suit in which the decree against him was made, and no notice was given him, and it is void as to him. He is the officer of the court. Must he have notice before any order can be made requiring him to pay? Of course, courts should be careful, before decreeing him to pay fixed amounts, to see that they are in his hands. But he is always before the court. The Supreme Court of the United States has held that a receiver is so far a party that he can appeal from a decree ordering him to pay a specific sum as due from him. *Hinckley* v. *Railroad Co.*, 94 U. S. 469. He is thus a party as to that decree, like a purchaser at a court sale. And, also, that the other side can appeal. *Hovey* v. *McDonald*, 109 U. S. 150 (3 Sup. Ct. 136). So *How* v. *Jones*, 60 Iowa, 70 (14 N. W. 193); High. Rec. § 819b.

These principles repel the idea that the first decree against the receiver was void. It was valid until reversed, and could not be changed as it was by subsequent order. That order itself was so indefinite, not releasing any sum, not taking away Fickey's and Thomas' decree, not prorating the interest, that, if not invalid, it would likely be ineffectual to affect the former decree.

As the first decree was standing as *res judicata* to support the execution, and the order releasing interest void, when the motion was heard, there was error in sustaining the motion to quash the execution, and the judgment is reversed, and the motion dismissed.