Judge Co alter
delivered the opinion of the Court.*
The case of Metcalfe v. Battaile, Gilm. Rep. 191, if correctly decided, is decisive of one point in this case, to wit: that a writ of enquiry was necessary, and that alone is sufficient to reverse the judgment. Although that case was decided by a bare Court, yet it was an unanimous opinion, and therefore a binding precedent, as much as- any other. But it was said, that point was not made in the argument, and may have been a hasty opinion. I have looked into my notes of the argument, and find the point was made and answered uearly in the way that has now been attempted. But, surely, that case must be sound law. The Statute, giving a joint action, was neither intended, nor could it vary, the nature of the contracts of the parties. It merely gave a joint action on several contracts. Several suits may still be prosecuted, as before. In a several suit against one endorser, all the matters, posterior to the endorsement, which are in pais, and which must be performed, in order to entitle the plaintiff to his remedy against the endorser, are things of which the clerk can take no cognizance. Suppose A. gives his note to B. for $100, payable on a given day, provided B. on or before that day, deliver him a certain horse. He avers the delivery of the horse, and produces a notarial certilicafe that he had done so. Would this authorise an office judgment for the $100 ? In an action of debt on a note directly engaging to pay a sum of money, the note itself contains full evidence of the plaintiff’s right of action. But the endorsement of a ffote does not shew the demand, protest and notice, which are necessary to subject the endorser. * They are substantive matters de/io?’s the endorsement, and must be averred and proved. On this ground, that case was decided; and there can be no doubt of the correctness of that decision. In a suit against the drawer alone, a judgment might be rendered against *155 him, without a writ of enquiry; but when he is sued with the endorser, no judgment can properly be given finally against him, until a final judgment is also given against all the defendants.
The next enquiry is, whether the Court erred in refusing to allow the defendants, the endorsers, to appear and plead without giving special bail; although no cause was shewn, on the part of the plaintiff, why bail should be required, Independent of the question, whether bail was demandable of right, the fact is, that the plaintiff did not demand it. The writ does not state whether the defendants are makers, or endorsers, or both; they may be, for aught that appears from it, all endorsers, or all makers, and the suit by the payee; or the plaintiff may be a remote endorsee, suing both maker and endorsers. The endorsement is simply in these words: “An action of debt on a protested negotiable note. No bail required.”
The Act of Assembly, 1 Rev. Code, 499, requires, that “ when the plaintiff may of right demand bail, he shall endorse the true species of action in such manner, that his title to bail will appear thereby, .and shall also endorse that bail is required;” and the 50th section, p. 501, provides, that “ in any personal action, in which bail shall not have been required, the Court may, at any time before final judgment, for good cause shewn, rule the defendant to give special bail, &e.” The law makes no distinction between cases in which bail might have been required, but was not so required, and cases where it could not have been required, and therefore was not. If it was not, in fact, re* quired, the party had an equal right to appear without giving special bail, unless required by the Court, for good cause shewn, whether it was the one case, or the other. The case, then, falls not only within the letter, but the spirit, of the law.
But it is said, that the exhibition of the note itself, endorsed by the defendants, was good cause. This argument would be more plausible, if the plaintiff could have demand *156 ed bail of them, as a matter of right, wh;ch will be constdered hereafter. But, is it a sound interpretation of the law, even in a case of that kind, when no bail has in fact been required; and when the party, not expecting bail to be required, has employed counsel to appear for him, and has put into his hands full proof of payment, that the plaintiff, without further cause, and by mere caprice, shall require bail when a plea is offered ? His own endorsement shews, that at one time he did not think bail necessary; but it may afterwards become necessary, and if it does, he ought to shew it. In Dunlops v. Laporte, 1 Hen. & Munf. 22, it was contended, that the defendant could only set aside the office judgment, by the very words of the Jaw, on giving good special bail: that Laporte’s not being excepted to as appearance bail, was no proof that he was good special bail. The plaintiff might elect not to be delayed by excepting to him, and he may have become insolvent since. But the Supersedeas was unanimously refused. The principles of that case fully support the position above taken.
But, could the plaintiff require bail of the endorsers as a matter of right? The 43d section of the Act above referred to, provides, that in actions of debt, founded upon-any writing obligatory, bill or note in writing, for the payment of money or tobacco, Sic. the plaintiff may, of right, demand bail, fyc. But, an endorsement of a note is not a note in writing for the payment of money, within the meaning of the Act, as has been decided in Metcalfe v. Battaile, above mentioned. It is a collateral undertaking, and the liability of the parties depends as much upon matter dehors that endorsement, and posterior thereto, as in the case of an assignment of a bond or ordinary note. Non constat, because the party has endorsed, that he owes any thing. The endorsement itself ascertains no demand. And so in Ruffin v. Call, 2 Wash. 181, it was decided, that in an action of debt on a bond with collateral condition, the judgment against the Sheriff, for not returning appearance bail, was erroneous. The party, then, could *157 only obtain bail of the endorsers, in this case, from a Judge or Justice of the Peace, under the 44th section of the Act, on proper affidavit, foe. and of course, ought to have shewn equal cause for ruling them to give.special bail.
But there are also other errors in this case. It being a judgment by default, for want of appearance, the Statute of Jeofails has no effect upon it; and the Court must look into the writ, as well as all the other proceedings.
The demand for interest in the declaration, which is not claimed in the writ, is no objection; since, by the Statute in that case provided, the interest follows the principal as the shadow does the substance. But here, the declaration claimed, and the judgment gives, @4 03, the costs of protest, as a part of the debt, and which is not claimed in the writ.
There might perhaps, also, be serious objections to this declaration, for want of proper averments of the transfer of the note from one defendant to another, and finally to the plaintiff, thereby shewing his right to sue, as every plaintiff must; and also, whether a sufficient demand or notice has been set out. But it has not been considered necessary to investigate these matters.
The last objection above taken, shews that the declaration, though it might have been cured by a plea and verdict, in that respect, being variant from the writ, which is part of the record in an office judgment for want of appearance, is bad; and that consequently, on that ground also, no judgment could have been entered on it.
The writ, however, is good. The judgment must therefore be reversed, and the proceedings back to the writ set aside, and the cause sent back, to be sent to the Rules for further proceedings.

 The President and Judge Caiir, absent.