Brockenbrough, J.
This was an action on the case by Hunter against Hawthorn, in the circuit court of Mason county, for a deceit in the sale of a negro. The defendant pleaded not guilty, and issue was joined. When the cause was called for trial, the defendant moved the court to continue it till the next term. At the same time *413 the plaintiff moved that the defendant might be required to give special bail to the action, under pain of having his plea stricken out... In support of this motion, the plaintiff introduced a witness, for the purpose of proving that, the defendant was in embarrassed circumstances, rendering it difficult for him to pay small sums of money, and not considered good for his debts by his neighbours. The defendant endeavoured to countervail this evidence, by producing a deed for a tract of land, conveyed to him about a year previously, but without proving the value of the land, or that he had paid for it. The court, on this state of the facts, ruled the defendant to give special bail, intimating that if he should give special bail, his cause would be continued to the next term. The defendant failing for several days to give the bail or to shew cause against it, the rule was itaade absolute, the plea stricken out, a writ of enquiry awarded to the plaintiff, and the cause tried by a jury on that writ j a verdict was rendered for the plaintiff for 100 dollars damages, and judgment entered accordingly. The defendant excepted to the opinion of the court directing the rale, making it absolute, setting aside the plea, and awarding the writ of enquiry.
The act of assembly (1 Rev. Code, ch. 128, § 50, p. 501.) directs that “in any personal action in which bail shall not have been required, the court may at any time before final judgment, for good cause shewn, rule the defendant to give special bail, and, on his failure to do so, may refuse him permission to plead, or may set aside any plea already pleaded by him, and award a writ of enquiry, or otherwise proceed to judgment according to law, or may cause him to be arrested and committed to prison.”
When the plaintiff moved the court to compel the defendant to give special bail in this case, it was incumbent on him to shew good cause for the requisition. The court would judge of the cause ; but its discretion should have been regulated by the law. There are but *414 two cases in which the statute requires bail to be given. The 43d section of the above mentioned law points out the cases in which the plaintiff may of right demand bail. The 44th section directs that “in all other personal actions, it shall be lawful for any judge of the general court, or any justice of the peace, upon proper affidavit, verifying the justice of the plaintiff’s action, and shewing probable cause to apprehend that the defendant will depart from the jurisdiction of the court, so that process of execution cannot be served upon him, to direct bail to be taken,” &o. Now it is very clear that there can be no good cause shewn, during the progress of a cause, for requiring bail of a defendant, which would not have been good cause for requiring it at the commencement of the action. In the case now before the court, the plaintiff could not of right demand bail, nor could he demand it at all when he sued out his writ, unless by complying with the requisitions of the 44th section above mentioned. Instead of doing so, the only cause shewn by him was that the defendant was in embarrassed circumstances, rendering it difficult for him to pay small sums. This was no good cause, and the court erred in awarding the rule; and (having awarded it) committed another error in throwing the onus on the defendant to shew cause why he should not give bail. The law clearly throws the onus on the plaintiff. This question was settled by this court in Hatcher v. Lewis, 4 Rand. 152. No alteration has been made in this matter by the statute abolishing appearance bail, Supp. to Rev. Code, ch. 208. p. 266.
The judgment must be reversed, the verdict set aside, the order directing the plea to be stricken out, also set aside, and the plea reinstated; and the cause be remanded for further proceedings.
Tucker, P. and Cabell and Carr, J. concurred.
Judgment reversed and cause remanded.