Tucker, P.
In this case the only question presented arises upon the general demurrer to the declaration, and if any one of the counts is good, that demurrer must be overruled. Now upon examining the forms in Chittfs very valuable book of precedents, vol. 2. pp. 385. 387.* it is obvious that the second count (for money had and received) and the third count (upon an account stated) are taken verbatim et literatim from those forms. The counts are not in assumpsit, as counsel seem to have supposed. Such counts in assumpsit would have been bad, since no promise is laid. The alleged indebtedness supplies its place. 1 think therefore that even though the *52 first count be bad, on the ground that debt does not lie against the acceptor of an order (for this is no bill of exchange) yet the demurrer was properly overruled and judgment entered on the verdict. I will add, however, j fiave no doubt that under the 4-th section of the act, 1 Rev. Code, ch. 125. p. 484. an action of debt lies against the acceptor of an order. For the action is given upon any “ note or writing by which the person signing the same shall promise or oblige himself to pay a sum of money or quantity of tobacco.” Now the acceptor of an order does by his acceptance oblige himself to pay the amount of the draft to the payee. And from this obligation nothing can release him. It is absolute and unconditional. It does not depend upon the treatment of the paper afterwards by the payee or his indorsees. Do what they will, the acceptor is bound. His case is altogether unlike that of the indorser, whose indorsement has been very properly decided not to be a note in writing within our statutes, Hatcher v. Lewis, 4 Rand. 152. for his undertaking is collateral, and so far from being absolute, it binds him only in the event that the bill shall appear to have been properly dealt with, and due notice shall have been given to him of nonpayment and protest. But the acceptor is absolutely bound, and therefore is within the letter, as he certainly is within the spirit of the statute. In the cases of Smith v. Segar, 3 Hen. & Munf. 394. and Wilson v. Crowdhill, 2 Munf. 302. (which however were acceptances on bills of exchange) the influence of this'statute does not seem to have been considered. In the recent case of Peasley v. Boatwright, 2 Leigh 195. the original statute, 4 Hen. Stat. at large pp. 273-5. from which the present act is substantially copied, came under examination; and it was decided by all the judges that debt would lie, under the act, on a promissory note not expressed to be for value received, and without laying any consideration, though it was admitted the defendant might go into the *53 consideration. This case decides nothing indeed as to , ... , ... the action lying against the acceptor; but it clearly establishes that if the.acceptance in writing is an obliga- ■ tion to pay within the statute (which I think it is) there is no necessity for setting out any other consideration except the fact of acceptance, which very strongly imports it.
'With these views, I am clearly for affirming the judgment; a result not the less gratifying, as it does justice between the parties, and at the same time tends to unfetter judicial proceedings from unnecessary and vexatious technicalities. •
Brockexbrough, Cabell and Brooke, /.concurred.
Judgment affirmed.

 American edition of 1837.