### SEWALL MILLIKEN *versus* HORATIO SOUTHGATE.

Where the defendant received a sum of money of the plaintiff and promised in writing to repay the same sum, if he should not be entitled to hold it on the settlement of a certain concern, and when the settlement did take place, repaid the amount received, nothing being said respecting interest; the plaintiff is not entitled to maintain an action to recover interest on the money during the time it was in the hands of the defendant.

Parol evidence of a promise to pay interest, in such case, is inadmissible, if made at the same time, as tending to vary the terms of a contract in writing; and if made afterwards, it would not be valid, if without consideration.

THE parties agreed upon a statement of facts, from which it appeared, that John Waterhouse, on July 13, 1836, made a mortgage bill of sale of one quarter of the hull of a vessel, then upon the stocks, afterwards called the barque Horace, to the defendant, to secure a debt due for money advanced to assist in building the vessel ; that afterwards, in April, 1843, it was decided, that this bill of sale was invalid against attaching creditors of Waterhouse for want of a delivery, there then being no law in force respecting the recording of mortgages of personal property ; that after the mortgage the vessel was attached by the plaintiff, a deputy sheriff, at the suits of several creditors of Waterhouse ; that on Nov. 21, 1837, the defendant and the attaching creditors signed an indenture with the plaintiff, a party thereto, but who did not sign, until afterwards, authorizing him " to sell the vessel for cash, and after deducting costs and expenses to deposit the balance in some

bank for safe keeping, there to remain to abide the appropriation of it by law ;" that Milliken, the plaintiff, sold the vessel, and paid over to the defendant about the amount of his debt against Waterhouse; that afterwards the defendant paid back to the plaintiff the same amount he received ; that certain indefinite parol testimony should be made a part of the case, if admissible, on objection made thereto ; and that a nonsuit or default should be entered, to carry into effect the opinion of the Court upon the case.

The action was assumpsit. When the money was paid to the defendant by the plaintiff, written contracts, or receipts, were given therefor, and when repaid to the plaintiff, receipts were also given by the plaintiff to the defendant. The parol testimony offered appears sufficiently in the opinion of the court. A copy of the receipts follows : —

"Scarborough, June 1, 1838. — Received of Sewall Milliken five hundred dollars in part for the amount due me on account of the sale of the ship Horace, as pr. bill of sale which I hold from Maj. Waterhouse, and which sum I promise to account for with said Milliken upon the final settlement of the concern of said ship, and to repay to him, if I am not then entitled to hold it pursuant to said bill of sale. "Horatio Southgate."

"Sept. 17, 1838. — Received one hundred and fifty dollars of Sewall Milliken as above. "Horatio Southgate."

On the back of foregoing.

"May 20, 1843. — Received of Horatio Southgate six hundred and fifty dollars, repaid to me on the within rec't this day. "Sewall Milliken."

"Portland, February 15, 1840. — Received of Sewall Milliken three hundred dollars in part for amount due me from amount of money in his hands, the avails of the Ship Horace, and which I promise to refund to him, if I am not legally entitled to hold it by virtue of my bill of sale from Maj. Waterhouse of one quarter part of said ship. "Horatio Southgate."

"Feb. 15, 1840. — Received the above according to tenor of said receipt by hand of T. C. Hearsey & Co.

"Horatio Southgate."

On the back of the foregoing is as follows : —

" May 20, 1843. — Received of Horatio Southgate three hundred dollars according to the within receipt, this day re-paid to me.                 " Sewall Milliken."

At the April Term, 1847, the case was submitted upon their briefs by

*Rand*, for the plaintiff — and by

*Adams*, for the defendant — and continued *nisi*.

The brief of Mr. Rand was not among the papers, which came into the hands of the Reporter.

For the defendant it was said that the action could not be maintained : —

1. Because there is no engagement to pay interest in either of the accountable receipts; and interest, as such, is recover-able only on the ground of contract.

2. Interest as damages, or damages as interest, are recover-able only, where there has been some default on the part of the defendant.

The present case falls within neither of these propositions, which are supported by the following authorities. 3 Johns. R. 228 ; 13 Wend. 640 ; 15 Wend. 76 ; 5 Cowen, 331 ; 17 Maine R. 31 ; 22 Maine R. 116 ; 15 Pick. 500 ; 9 Pick. 368 ; 4 Metc. 10 ; 5 Pick. 106 ; 2 Bailey, 276 ; 7 Halst. 316 ; 2 Dallas, 182 ; 7 Wend. 109.

The parol testimony offered is loose and inconsistent ; and if admissible, is not sufficient to prove any promise by the defendant. No time when the conversation is alleged to have taken place is stated, and it is inadmissible, as its object is to control an intelligible written instrument. 7 Mass. R. 518 ; 11 Mass. R. 27 ; 18 Maine R. 146.

If any promise is proved, it is without consideration, and not binding.

The opinion of the Court was drawn up by

WHITMAN C. J. — Upon the facts, as stated by the parties, we do not find ourselves able to come to the conclusion that the plaintiff is entitled to recover. The accountable receipts,

Milliken *v.* Southgate.

given by the defendant, do not contain any promise to account, in any event, for any thing more than the principal sums named therein. These sums were returned as soon as the event occurred, upon the happening of which, they were to be returned. There was, then, no breach of contract, that could authorize an award of interest, by way of damages, for any unjust detention of the money.

But it is insisted, that the defendant, at some time after the money had been received, and before it was repaid, actually promised to pay interest therefor; and there is evidence, which it is conceded might be produced, if admissible, which would tend to show that such a promise was made; but its introduction is resisted, as, if any such promise was made, it was not founded on any valuable consideration; and it is moreover alleged, that if introduced, it would tend to vary the terms of a written contract; and it is further insisted, that the principal having been paid, no action lies to recover interest thereon.

It is not pretended that any promise was made at the times of the making of the receipts. If it were, the evidence of it would clearly be inadmissible, as tending to vary the terms of a contract as expressed in writing; and, if made afterwards, it was to create a new liability; and a valuable consideration would be necessary to support it, and none such was alleged, or offered to be proved.

As to the claim for interest, when the principal has been paid, it must depend on the terms of the contract. The dicta in *Tillotson* v. *Preston*, 3 Johns. R. 228, and *Stevens* v. *Barrington*, 13 Wend. 640, cannot be sustained without qualification; they are too general. If there be a special agreement in writing, predicated upon a valuable consideration, to pay interest on a sum lent, though the principal may have been received as such, it is difficult to perceive upon what legal or equitable principle a court could refuse to enforce its payment; and in *Irish* v. *Eddy*, 15 Wend. 76, this qualification seems to be recognized. But, however this may be, as there was no apparent consideration for the supposed promise of interest, the proof of it might well be excluded.

*Plaintiff nonsuit.*