[No. 6477.]

## THE FIRST NATIONAL BANK OF CRIPPLE CREEK v. THE LONDONDERRY MINING COMPANY ET AL.

1. **Courts—Jurisdiction—**A bank which borrows from a court, moneys which are in the custody of the court, subject to be disposed of in a pending cause, thereby becomes a quasi party to such cause, and subject to the orders of the court made therein, as to the disposition of such moneys.

No independent action is required, to compel payment of the moneys to those afterwards adjudged, in such case, to be entitled thereto.—(90)

2. **Contracts—Construed—**A bond executed by a bank to the clerk of a court, conditioned for the repayment, with interest, of certain moneys lent by the clerk, from the registry of the court, pursuant to an order of the court, the loan being for an indefinite time, provides that unless the money be permitted to remain in the bank for at least one year, the bank shall not be required to pay any interest thereon. This being the only exception expressed, it will be assumed that no other was intended. —(91-93)

3. **Evidence—Parol to Vary Writing—**In the same case, held that parol evidence that the real agreement was that the bank should be required to pay interest only for full periods of one year each, was inadmissible.—(94)

4. **Custom—To Vary Express Contract—**Evidence of a custom is not to be received to vary the express terms of a writing. —(94)

*Appeal from Teller District Court*—Hon. J. W. SHEAFOR, Judge.

Mr. TULLY SCOTT and Mr. G. P. NEVITT for appellant.

Messrs. ROGERS, ELLIS & JOHNSON and Mr. H. McGARRY for appellees.

Mr. JUSTICE HILL delivered the opinion of the court:

On June 28th, 1902, The Londonderry Mining Company, a corporation, began suit in the District Court of Teller County against The United Gold

Mines Company, a corporation, to enjoin the mining and extracting of ore from a mining claim over which there had arisen a dispute between the two companies. The court refused to grant a temporary injunction, but ordered that a certain portion of the proceeds received from the ore extracted within certain boundaries should be deposited in the registry of the court. On August 2nd, 1904, the court entered its decree in favor of the defendant. August 8th following, by order, the clerk was directed to withhold payment of the moneys theretofore paid into the registry fund, for a period of fifty days. The case was appealed, and, on September 20th, 1904, this court entered the following order:

"That the District Court of Teller County be, and is hereby ordered to hold the money in question in this cause in the registry fund where said money now is, until the further order of this court and pending this court's consideration of said matter."

July 13th, 1905, this court entered the following order:

"That the petition to deposit the registry fund in this cause at interest be, and the same is hereby granted, said fund to be deposited by the clerk of the district court of Teller County, in a safe and reliable bank or banks, at the best obtainable interest, said clerk to require from such bank or banks bonds to secure the funds so deposited."

Pursuant to this order, the clerk deposited about $50,000.00 of this fund in The First National Bank of Cripple Creek (this appellant) and received from it a bond, the conditions of which are the main contention here.

April 20th, 1907, upon stipulation of the parties, this court reversed the judgment of the district court, and, among other things, ordered:

"That the money now on deposit in the registry

fund of the said district court, be paid and delivered by the clerk thereof to the parties hereto, pursuant to said agreement, and upon proper order of said district court.''

April 22, 1907, an order was entered in the District Court of Teller County, upon agreement of the parties to the suit, in part as follows:

''That the moneys in controversy between the parties hereto, and now on deposit in the registry of this court, and all interest accrued thereon, be equally divided between the parties hereto.''

On the same day, the parties to the action filed their joint petition therein, in which they stated, in part, that they were entitled to receive from the registry fund of the court in the hands of the First National Bank of Cripple Creek the sum of $44,-193.97, with interest at the rate of four per cent. per annum from August 1st, 1905, to date, in the sum of $3,054.26, and the further sum of $5,718.99, with interest thereon from November the 8th, 1905, to date, in the sum of $332.31; total, $53,299.53; that said bank refused to pay interest on said sums for the fractions of years, from the last full year to the date thereof. Wherefore, the parties prayed that said bank be required to show cause why it should not pay the full sum of $53,299.53.

Upon the same day, an order was entered requiring the bank to show cause, on April 24th, 1907, why it should not pay the parties the sum of $53,-299.53 upon the checks of the clerk of the court drawn upon the registry fund of the court in the hands of the bank.

November 5th following, the bank filed its answer by consent of the court as of date April 22nd, in which: First, it denied that it is a party to said action, and denied that it is bound by any order so made, save and except the order to show cause.

Second, that the petition upon which the order to show cause was based does not state facts sufficient in law upon which to base the said order to show cause. Third, it denied that it was obligated to pay the said clerk $53,299.53; on the contrary, it admitted its liability for and tendered into court the sum of $51,909.48, but denied that it was obliged to pay the further sum of $1,390.05, being interest from August 1st, 1906, upon about $44,193.97, and from November the 8th, 1906, upon $5,718.99 to the 22nd day of April, 1907, the day upon which the order to show cause was entered. Fourth, alleged, that the moneys deposited were so deposited under a written bond and obligation of the bank, dated August 1st, 1905; that, under the conditions of said contract and bond, it was expressly provided that no interest should be paid upon the sum so deposited unless the same remained for the full period of one year; further, that it expressly provided and intended to be provided, and was the agreement intended to be so stated in the contract and bond, that interest should be paid upon the said sums of money, provided the same remained upon deposit in said bank for full yearly periods. The answer then set forth a copy of the bond. That portion material to this controversy reads as follows:

"Whereas, the said A. W. Grant, clerk of said district court, acting in pursuance of said order of said supreme court, has determined to, and will, deposit, and will permit to remain on deposit, for safe keeping, for the period of at least one year from the first day of August, A. D. 1905, with and in The First National Bank of Cripple Creek, the sum of * * * as aforesaid in said registry fund; and,

"Whereas, the said bank, in consideration of the making of said deposit by said clerk, and permitting the same to remain therein for said period

of at least one year, has agreed to, and will, pay to the said A. W. Grant, clerk of said District Court of Teller County, or his successor in office, for the use and benefit of said registry fund, and of the person or persons who, or the corporation or corporations which shall finally be found and declared by said supreme court, or by said district court, in said cause so as aforesaid pending in said supreme court, to be entitled thereto, the sum of four per cent. per annum on account of and as interest upon said deposit, the same to be paid to said clerk at the expiration of the term of office of said A. W. Grant, as clerk of said district court, pay over such sum or sums so remaining to his successor in office, as shall be by him demanded. Provided, however, that unless said sum shall be permitted to remain in said bank for at least a period of one year from said first day of August, 1905, said bank shall not be required to pay any interest thereon  *   *   *  ,,

The bank prayed that it be permitted to pay the sum of $51,909.48 in full settlement, which sum was tendered to the court. It appears that, by agreement, the amount conceded to be owing was paid.

Trial was to the court. Judgment was entered against the bank in the sum of $1,318.04, which was for the interest for the fractional part of the year up to the date the money was actually withdrawn; from this judgment the bank has appealed.

The first question necessary to determine pertains to the jurisdiction of the court. It is claimed that the bank was not a party to the action, and, hence, was not bound by any orders of the court made in the case other than that to show cause; and, further, that if funds claimed by both parties to the suit were deposited in the bank, it was the direct interest of such parties as against the bank, and which can only be enforced by an independent action upon

their part. It is further contended that such action must be upon the bond of the bank and its sureties, wherein a summons must issue and run in the name of The People, etc., and that there is no statute authorizing a judgment, or decree, or motion, etc.

These assignments are not well taken. If it is true, as alleged, that there are no statutory provisions regulating or providing for judgment by motion or citation in this class of cases, none are needed. It is a jurisdiction existing and which has been exercised from time immemorial. The funds borrowed were in the custody of the court, and the bank which came into court and borrowed this money with knowledge of the conditions under which it was acquired, made itself a *quasi* party to the action, and was subject to the orders and decrees of the court; and is estopped to deny that it had not become such a *quasi* party to the suit. In such case, it was not necessary that a separate suit should be brought; in fact, under repeated decisions of the federal courts, and in some states where the question has been passed upon, it is held that no separate or outside suit could have been brought to disturb these funds. —*Corbitt v. Farmers' Bank et al.,* 114 Fed. 602; *Jones v. Merchants Nat. Bank,* 76 Fed. 683; *Allen v. Gerard,* 21 R. I. 467; *Tuck v. Manning,* 150 Mass. 211; *Curtis v. Ford et al.,* 78 Texas 262.

In addition, the bank appeared and defended the action, of which it had proper notice; a citation was issued and served upon it to appear and show cause why it should not pay this money; this it did by written pleadings, the same as though summons had been served upon it. A trial was had upon the very issue herein involved, in which it appeared and offered its evidence and presented arguments by its counsel upon the merits of the controversy; none of its rights in this respect are complained of. The practice was

complied with the same as though it had been a
party to the original case. For the purposes of the
disposition of these funds pertaining to which the
bank was a *quasi* party to the action, the court had
jurisdiction to render a judgment against it. —
*Vaughn v. Tealey et al.*, 39 S. W. (Tenn.) 868;
*Fisher v. Cunningham*, 58 S. W. (Tenn.) 399; *Uhl
v. Kohlmann et al.*, 52 N. Y. (Sup.), 455.

Error is alleged in the rejection of evidence.
The bank offered its cashier as a witness. Objection
was made to the introduction of any testimony, be-
cause the evidence would be irrelevant, immaterial
and incompetent, in view of the issues before the
court and because it was not contended that the bond
relied on was ambiguous and uncertain, and for the
further reason that, by the answer filed by the bank,
no ambiguity or unintelligence in the contract had
been pleaded. The objection was sustained. The
bank then offered to prove by the witness, who was
its managing officer, that the agreement was made
between the clerk of the court and the witness as
cashier for the bank; that it was agreed, in substance,
that if said moneys were deposited in the bank and
were permitted to remain for one year, that interest
on the deposit should be paid to the clerk in the sum
of four per cent.; that if said sum was left in the
bank for an additional year, or additional years, it
should bear interest at four per cent. per annum for
each of said full years, but that in no event should
interest be paid for parts of years, but only for full
yearly periods; that the substance of said agreement
was stated to R. G. Withers, who was the attorney
for the bank; that the said Withers was requested to
draw a contract in conformity with said agreement
between said witness and said clerk; that the contract
drawn was received from the attorney and was signed
on the part of the bank with the understanding that

it contained the provisions of the agreement so made between himself and the said clerk; that, at the time said agreement was made, it was the universal custom of reputable banks of Colorado that rates of interest exceeding two and one-half per cent. per annum would not be paid to depositors except upon stipulated periods; that the moneys remain in the said banks and that this witness, acting within the rule, and believing himself to be acting wholly within the rule, did not intend to, and did not depart from the said custom. Objections were sustained to this offered testimony. The bank then offered to prove by Mr. Grant, the clerk of the court, the same state of facts to which the same objections were sustained.

The bank then offered in evidence seven purported letters addressed to Mr. Grant, the clerk, from the officers of seven banks, purporting to state the custom of each pertaining to the question of paying interest upon such deposits, what they would be willing to do, etc. The bank then offered to identify the letters. Objections were waived to their identification, but were interposed to them as being incompetent, immaterial and irrelevant. This objection was sustained. In this connection, the first question to consider is whether the language in the contract is sufficiently complete within itself to cover this entire transaction, and is sufficiently definite, viewed in the light of the surrounding circumstances, as to require no further explanation. If the language appears to be perfectly plain and capable of a legal construction, then the force and effect to be given to the bond must be determined by its terms, and parol evidence cannot, in such case, be admitted in order to give to it a different construction than that imported by its language. The object of the clerk in complying with the order of the court

was to secure all the interest possible upon this money, consistent with its safety and his protection in this respect. The period of its stay in any bank was indefinite, no fixed time could be agreed upon. The bond provided that the bank, in consideration of making said deposit by the clerk, and permitting the same to remain for said period of at least one year, would pay four per cent. per annum on account of and as interest upon said deposit, the same to be paid at the expiration of the year and yearly thereafter unless the payment of said sum so deposited should be sooner required by the clerk. If, at the time this bond was made, the bank had intended to reserve to itself the right not to pay interest upon the amount for any portion of the period less than one year after the expiration of any yearly period, providing it was drawn out prior to the expiration of any full year, it should have so provided by appropriate language in the contract; failing to do so, the contract must be construed as we find it. Certainly there is nothing in the bond evidencing the fact that it was the intention, in case the money was left there longer than the first year, not to pay interest upon it during the entire period it so remained. Having made the exception that interest was not to be paid at all unless the money did remain for the full period of one year, we must assume that this was the only exception intended, and accept the language as it reads in the light of the surrounding circumstances, considering the instrument in its entirety. Its language conveys the meaning, as it states, that the clerk, under certain conditions, would deposit this money in the appellant bank, the time of its continuation would be indefinite; that, in consideration of the deposit, the bank would pay to the clerk interest thereon at the rate of four per cent. per annum, payable annually; provided, however, that

in case the money was not allowed to remain for the full period of one year from the date of its deposit, then no interest should be paid; that in case it remained the one year or longer, then interest would be paid at the rate of four per cent. per annum, payable annually. We think the same rule of construction would and should apply as where a party held a note payable on demand, with interest at four per cent. per annum, payable annually, in which case it could not be consistently contended that it would not draw interest until paid, although it included fractional parts of a year. With this construction given to the contract, we find no error in the rejection of the evidence offered. The parol testimony that the parties intended that interest should be payable only upon full yearly periods, and that in no event should interest be paid for parts of years, was to vary and contradict the terms of the written contract. That parol evidence cannot be admitted to show that the parties intended that the payment of interest should be otherwise than as expressed in the terms of the instrument, is elementary.—*Casteel, Ad., v. Walker,* 40 Ark. 117; *Milliken v. Southgate,* 26 Me. 424; *Davis et al. v. Stout,* 126 Ind. 12; *Read v. The Bank of Attica,* 124 N. Y. 671; *Koehring v. Muemminghoff,* 61 Mo. 403.

The admission of the letters would be an attempt, in another manner, to aid the bank in its efforts to contradict the provisions of a written contract by showing that the clerk had ascertained from other banks what their custom was and what they would do concerning such matters. Evidence of custom is never admissible to contradict the terms of a written instrument.—*Gates I. Wks. v. Denver E. Wks. Co.,* 17 Col. App. 15.

None of this evidence was offered for the purpose of showing that the words of the contract had

a meaning other than their usual signification. Its purpose was to insert in the contract a parol exception to the agreement to pay interest in contradiction of its terms. This cannot be done.

For the reasons stated, the judgment is affirmed.

*Affirmed.*

CHIEF JUSTICE CAMPBELL and Mr. JUSTICE GABBERT concur.