# CHARLESTON.

BENNETT *v.* FEDERAL COAL & COKE Co.

Submitted June 14, 1911.    Decided March 5, 1912.

1.  INTEREST—*When Allowable.*

    As a general rule, where plaintiff's demand is liquidated, or if unliquidated, can be readily ascertained by computation, interest thereon should be allowed, if the demand be for work done or material furnished, from the date the labor is done or material furnished, or from the date when by the terms of the contract payment should have been made.  (p. 459).

2.  SAME—*Implied Contract.*

    When there is no express contract to pay interest, there is generally an implied contract to do so.  (p. 459).

3.  SAME—*Payment of Principal—Action to Recover.*

    Where the contract or obligation expressly stipulates for the payment of interest the interest becomes an integral part of the debt, and payment and acceptance of the principal sum will not, as a general rule, defeat a subsequent action to recover the interest not paid, carried by the contract.  (p. 459).

4. · SAME—*Recovery—Implied Contract.*

But where the contract does not so specifically provide for payment of interest, but the right thereto is by an implication, interest is considered as damages, and not as forming the basis of the action, and is recoverable only along with the principal sum and as an incident thereto, and if the principal sum be accepted in settlement the right to the damages is lost and no separate subsequent action can be maintained therefor.    (p. 459).

5.   ACCORD AND SATISFACTION—*Balance Due for Interest.*

The old common law rule applied in *Nixon* v. *Kiddy*, 66 W Va. 355, that payment by a debtor and receipt by the creditor of a less sum than is due upon an undisputed liquidated demand is not satisfaction of the debt, although the creditor agrees to accept it as such, is inapplicable to a balance claimed for interest due by way of damages on an implied agreement to pay interest.   (p. 464).

6.   SAME—*Action to Recover—Payment of Principal.*

The fact that receipt of payment without interest may have been done under protest of a creditor will not change the legal effect of his act on his right to maintain a subsequent separate suit to recover the interest.   (p. 465).

(BRANNON, PRESIDENT, absent).

Error to Circuit Court, Marion County.

Action by John R. Bennett against the Federal Coal & Coke Company.  Judgment for defendant, and plaintiff brings error.

*Affirmed.*

*M. Powell, C. Powell* and *Scott C. Lowe,* for plaintiff in error.

*W. S. Meredith,* for defendant in error.

MILLER, JUDGE:

Plaintiff brings error to the judgment below, setting aside the verdict in his favor and awarding defendant a new trial.

The suit was in *assumpsit,* and except one item, "To one dump cart, $50.00," the purpose of the suit is to recover interest on the principal sum, $21,085.00, for building certain coke ovens, during the year 1905-06, audited and credited by defendant to plaintiff, some months prior to payment.

The correctness of the judgment below and the rulings of the court on the trial, and in the giving and refusing of instructions to the jury, for the most part, depend upon the effect of a settlement made, December 4, 1906, and the following receipt, then executed and delivered by plaintiff to defendant as follows:

"PITTSBURG, PA., Dec. 4th, 1906.

"Received of Federal Coal & Coke Co., twenty-one thousand six hundred ninety-five dollars in form of 2-6 mo. notes for $10,000. each, and check for $1695.00 in settlement of account. $21,695.00.                          JOHN R. BENNETT."

It is conceded that the notes and the check receipted for cover the exact amount of the principal, and $610.00, included in the check for interest on the notes from their date to date of maturity, and that nothing was included, or intended to be included for interest prior to the date of the receipt and settlement. The interest which the plaintiff sues for in this action is the interest which he claims accrued to him on the principal sum, from April 1, 1906, when he alleges the principal sum should have been paid, and the date of his receipt and settlement, claiming to have accepted the notes and check under protest, and with the understanding on his part that the prior interest was to be adjusted between him and the president of the defendant company, when he should recover from his then illness, and be able to attend to business. The president died a few days afterwards, and the interest was never adjusted, wherefore this suit.

Refusing plaintiff's two instructions embodying the contrary proposition, the court below on the trial, at the instance of defendant and over the objection of plaintiff, instructed the jury in substance, that if they believed from the evidence that plaintiff and defendant made a settlement on December 4th, 1906, and that the plaintiff accepted from the defendant the two notes for ten thousand dollars each, and the check or voucher for $1695.00, and thereupon signed and delivered to the defendant the receipt above mentioned, plaintiff was not entitled in this action to recover any interest theretofore accrued on the items, and amount therein settled, and that he was estopped from recovering any such interest in the absence of an express contract

on the part of the defendant to pay the same, made before or at the time of said settlement.

It is not pretended or proven that there was any such express contract. Plaintiff relies solely on an implied promise to pay interest from April 1, 1906, the latest date when by the terms of his contract, as he claims it, estimates were to have been furnished him, and the estimates, or principal sums paid.

The general rule of law in this, as in other jurisdictions, undoubtedly is, that where the demand of the plaintiff is liquidated, or if unliquidated, can be readily ascertained by computation, as in this case, interest thereon will be allowed, if the demand is for work done or materials furnished, from the time the material is furnished, or work completed, or from the time when by the terms of the contract payment should have been made. 22 Cyc. 1513, 1514, 1540, 1543; *Becker* v. *New York*, 77 N. Y. App. Div. 635, 78 N. Y. Suppl. 1064. It is equally well settled, as shown by the authorities cited, that when there is no express contract to pay interest, there is an implied contract to do so. *Chapman* v. *Shepherd,* 24 Grat. 377; *Roberts* v. *Cocke,* 28 Grat. 207; *Cecil* v. *Deyerle, Id.* 775; *McVeigh* v. *Howard,* 87 Va. 603; *Kent* v. *Kent,* 28 Grat. 840; *Cecil* v. *Hicks,* 29 Grat. 1.

But what is the relationship of the interest to the principal? Is the interest a part of the debt, or only an incident to it, recoverable along with the debt, or by way of damages for the wrongful detention thereof? On the proper answer to these questions depends the answer to the question above propounded, what is the legal effect of the receipt given in December, 1906?

The authorities we believe to be uniform in holding, that where the contract or obligation to pay money bears interest on its face, by express stipulation, the interest becomes an integral part of the debt, as much so as the principal itself. 16 Am. & Eng. Ency. Law, 1032; 22 Cyc. 1570, and authorities cited in note 78, and the Virginia authorities above cited. At least payment of the principal sum will not defeat a subsequent action to recover the balance for interest carried by the contract. 22 Cyc. 570-1, and notes; 16 Am. & Eng. Ency. Law. 1033.

But the contract we have here is one which does not bear interest on its face; there is only an implied contract to pay in-

terest. What is the relationship of interest to principal in such
cases? Is it a mere incident to the demand, and recoverable
only in an action on the demand itself, and by way of damages
for the wrongful detention of the money, as counsel for defend-
ant contend; or is it as in the case of an express contract, an
integral part of the debt, recoverable by separate action after
payment of the principal, as is argued by counsel for plaintiff?
This is the pivotal question.

For the proposition that interest on an implied contract is a
mere incident to the debt, and that after payment of the prin-
cipal interest cannot be recovered by separate action, defendant's
counsel rely upon the following authorities: *Brewster* v. *Wake-
field,* (Minn.) 69 Am. Dec. 343; *Graves* v. *County,* 104 Fed.
Rep. 61; *Southern Ry. Co.* v. *Dunlop Mills,* 76 Fed. Rep. 505;
*Smith* v. *Buffalo,* 39 N. Y. Suppl. 881; *Fake* v. *Eddy,* 15 Wend.
76; *Stewart* v. *Barnes,* 153 U. S. 456, and the leading·case of
*Moore* v. *Fuller,* 2 Jones (Law) 205, a North Carolina case,
and 22 Cyc. 1572, 1573.

These authorities fully support the proposition contended
for. In *Stewart* v.·*Barnes, supra,* Judge Shiras says: "In-
terest in such cases is considered as damages, and does not form
the basis of the action, but is an incident to the recovery of the
principal debt. The right of action is the right to compel the
payment of the money which is being retained. When he who
has this right commences an action for its enforcement, he at
the same time acquires a subordinate right, incident to the re-
lief which he may obtain, to demand and receive interest. If,
however, the principal sum has been paid, so that, as to it, an
action brought cannot be maintained, the opportunity to acquire
a right to damages is lost."

Plaintiff's counsel reply that in the application of the rules
of law concerning interest to this case, interest should not be
classified, as defendant's counsel does, as (1) interest in the
nature of damages, (2) interest due by express contract; that a
proper classification would be, (a) interest in the nature of
damages for the detention of money, (b) contractual interest,
subdivided into, (1) interest due by express contract, (2) inter-
est due by implied agreement, based on the presumed intention
of the parties. They say the authorities are divided as to whether

interest by way of damages may be recovered after acceptance by the creditor of the principal sum due. They admit, however, that the weight of authority is against its collection. They might have gone farther, we think, and admitted, that there is no authority to the contrary.

Their principal proposition, and the one on which they rely, is, that in Virginia and in this State at least, and according to the decisions they rely upon, interest due by implied contract has the same relation to the principal debt, as interest due by express contract; that interest due by implied contract is as much an integral part of the debt, and as recoverable by separate action, as if borne on the face of the contract, and by express provision thereof, and recoverable by separate action.

Can this position be supported by authority? It is conceded that no Virginia or West Virginia decision can be found exactly in point, and none are cited, nor have we found any decision from any state supporting counsel to the extent claimed. Nor are any authorities cited by counsel illustrating the application of the law to their classification of interest. If their classification be the correct one, in what kind of cases would interest be allowed by way of damages for the detention of money? They would say, perhaps, in actions for torts. But without statute interest is not usually recoverable in such actions. 16 Am. & Eng. Ency. Law, 1031. What the books generally mean when they refer to interest recoverable by way of damages, is interest recoverable, not by express contract, but by implied contract and as damages for the unlawful detention of the money. The Supreme Court of the United States, in *Stewart* v. *Barnes, supra,* affirms this proposition in language already quoted: "Interest in such cases is considered as damages, and does not form the basis of the action, but is an incident to the recovery of the principal debt." So in *Graves* v. *Saline County, supra,* it is held, that where interest is not stipulated for in the contract, and is recoverable merely as damages, or as an incident to the debt, it may not be recovered after acceptance by the creditor of full payment of the principal of the obligation. Citing numerous cases supporting the proposition, some of which have already been cited. To the same effect is 22 Cyc. 1572. In *Davis* v. *Harrington,* 160 Mass. 278, Justice Knowlton says:

"But interest which is allowed by way of damages and for the neglect to pay promptly is a mere incident of the debt, which falls when the debt itself is extinguished. It is well settled that in such a case, if the debt is paid, there can be no recovery afterward for the interest which might have been collected." Citing numerous cases. In *Railroad Co.* v. *Moravia*, 61 Barb. 180, it is distinctly held, that where there "is no agreement to pay interest, interest, when allowable, is allowed not as a part of the contract, but as an incident, and by way of damages for the default, to make the creditor good for the loss he has sustained by reason of the breach or default." This case also holds, that after the principal of the debt has been paid and receipted for in full, no action can be maintained to recover interest, for the reason, that the interest being a mere incident to the debt cannot exist without it, and the debt being extinguished the interest must necessarily be extinguished also. This case also makes a clear distinction between those cases where interest is made payable by the terms of the contract, and the case we have here, and holds in the former case that the interest is as much a part of the contract as the principal, and not a mere incident to it. In support of these principles see also, *Fake* v. *Eddy, supra,* and *Milliken* v. *Southgate,* 26 Me. 424. Interest, therefore, according to these decisions and many others, which may properly be said to be due by contract, and recoverable by separate and independent action, even after payment of principal, and as an integral part of the debt, is interest due by the specific terms of the contract. In that class of cases, as is said in 16 Am. & Eng. Ency. Law, 1033, "There would be no more reason for holding that the payment of the original principal extinguished the claim for interest than that a part payment of such principal destroyed the right to the remainder."

But can the position of plaintiff's counsel be supported by the principles enunciated, or the reasonings applied in the Virginia and West Virginia cases relied upon? The cases referred to are those already cited, of *McVeigh* v. *Howard, Roberts* v. *Cocke, Kent* v. *Kent, supra,* and *Shipman* v. *Bailey,* 20 W. Va. 140. It is argued that these cases regard interest, where the promise to pay interest is either express or implied, not in the

nature of damages, but as an integral part of the debt.   The proposition so far as it is applicable to express promises is correct, but we do not regard the language of the decisions, by implication or otherwise, as supporting the proposition respecting interest recoverable on an implied promise.   *McVeigh* v. *Howard* was an action on the following contract: "$10,000.   Richmond, Va. Jan'y 9th, 1878.   In consideration of professional services rendered to me by John Howard, Esq., I owe, and hereby promise to pay to him, ten thousand dollars.   Witness my hand and seal this day, and year above written.   W. N. Mc Veigh, (Seal.)."   The only point for decision in that case was, from what time interest on the bond sued on should be allowed? It was held, that the court below properly instructed the jury that interest should go from its date, predicating its judgment on the decisions of *Chapman* v. *Shepherd, Roberts* v. *Cocke, Cecil* v. *Hicks, Cecil* v. *Deyerle,* and *Kent* v. *Kent, supra.*   The language of Judge Burks, in *Roberts* v. *Cocke,* and of Moncure, President, in *Kent* v. *Kent,* quoted in that case, is especially relied on here.   Judge Burks said:   "It has always been lawful in Virginia for parties to contract for the payment of interest for the use or forbearance of money within the limits prescribed by statute; and in the absence of any express agreement for the payment of interest, in obligations for the payment of a certain sum of money on demand or on a given day, interest on the principal sum from the time it becomes payable is 'a legal incident of the debt,' and the right to it is founded on the presumed intention of the parties."   Judge Moncure said:   "A bond payable on demand, or on a certain day, bears interest from the time it is payable, according to the well-settled law of this State, unless there be some contract, express or implied, between the parties, or some extraordinary or peculiar circumstances showing that such interest was not to be paid; and the burden of proving such contract or circumstances devolves on the party who seeks to avoid such payment.   In the absence of such proof, the obligation for the payment of interest is as much a matter of contract in the case as the obligation for the payment of the principal."   We see little in the language of either of these judges to support the contentions of counsel.   Of course interest is a legal incident of the debt; the text books and decisions

from other states, cited, so treat it.   And it is true also, as said
by Judge Moncure, absolutely, that when the contract is ex-
press as it was in the case he then had under consideration, and
in a certain sense when the contract to pay interest is implied,
that "the obligation for the payment of interest is as much a
matter of contract in the case as the obligation for the payment
of the principal." · But to say that the interest is a legal inci-
dent of the debt in either .case, or is a matter of contract, is
not equivalent to´ saying, that the interest where the contract
is implied is an integral part of the debt, recoverable by sep-
arate action after payment of principle.   None of the Virginia
decisions justify this conclusion.   Quite the contrary we think.

We have only found one line of decisions noting any exceptions
to the general rule.   One instance is where interest is given by
statute for delay in paying money for land taken by condemna-
tion, as in *Devlin* v. *Mayor,* 131 N. Y. 123.   Another instance
is where a charter law of a city provided that warrants issued
for repairing sewers should bear interest, supplemented by a
resolution of council, as in *Smith* v. *Buffalo, supra,* where it was
held, that the interest became thereby engrafted in the debt
itself.   Another instance is where pursuant to an act of the legis-
lature a railroad company by resolution, ordered that subscrib-
ers to stock be allowed interest on installments as paid, to be
payable in stock, the interest to be carried to the credit of the
stockholder annually, as in *City of Ohio* v. *Cleveland & Toledo
Ry. Co.,* 6 Ohio Rep. 489.   A pertinent point of the syllabus
in that case is:   "Interest follows the principal as an incident
to it, so long as it remains an incident; but where it is separated
and set apart from the principal by actual payment, or by being
carried, when due, to the credit of the owner of the principal,
in his account with the debtor, and this in pursuance of a pro-
vision in the contract creating and defining the principal debt,
it is so separated and disjoined from the principal, as to cease
to be an incident to, and does not follow it."   The case here
cannot be brought within the principles of either of these ex-
ceptional cases.

Lastly as to the effect of the receipt.   On the theory that the
interest sought to be recovered here, supposed to be due by the
implied agreement to pay interest, is an integral part of the

principal debt, and recoverable by separate action, plaintiff's counsel have argued that the receipt for the principal, without interest under protest, does not estop the plaintiff from recovery of the interest sued for in this action.  They rely especially upon our recent case of *Nixon* v. *Kiddy*, 66 W. Va. 355, and cases there cited.  This case holds that "payment by a debtor and receipt by the creditor of a less sum than is due upon an undisputed liquidated demand is not satisfaction of the debt, although the creditor agrees to accept it as such, if there be no release under seal or no new consideration given as to the part left unpaid."  Of course if counsel's premises were well founded, their conclusion would follow and this decision would apply.. But if, as we hold, interest on an implied promise to pay is only an incident to the debt, following it, as was said in *Hatcher* v. *Lewis*, 4 Rand. 152, as the shadow the substance, and not an integral part of the debt, the argument wholly fails.  The old common law rule followed in *Nixon* v. *Kiddy*, long since abolished in Virginia, (V. C. 1887, ch. 134, sec. 2858), has always been regarded a harsh one, and one that ought not be extended by judicial interpretation beyond its present limits.  Quoting from *Brooks* v. *White*, 2 Metc. 283, and other cases, Peck, C. J., in *Wescott* v. *Waller*, 47 Ala. 492, says: "This rule, which obviously may be urged in violation of good faith, is not to be extended beyond its precise import; and whenever the technical reason for its application does not exist, the rule itself is not to be applied.  And in the case of *Johnson* v. *Brannen*, 5 I. R., the court speaks of it as 'that rigid and rather unreasonable rule of the old law.'  Being a rigid rule, and the reasons for it not altogether satisfactory, it might be expected that cases would arise that would constrain the courts, to prevent injustice and a violation of good faith, to treat as exceptions to it.  This we find to be the case."

For these reasons we are not disposed to apply the rule to interest due by implied agreement, and where it is not carried in the contract as an integral part of the debt.

Does the fact that plaintiff may have received and receipted for the principal, under protest, change the effect of his action? The authorities say, no.  22 Cyc. 1573, and cases cited in note 90.

We see no merit in the point that the item "To one dump cart, $50.00," sued for, left a part of the principal of the debt unpaid, entitling plaintiff to sue for it, and for interest on the whole debt. At the time of the settlement defendant owed plaintiff. nothing for the cart. He had not sold it to defendant; defendant had not bought it from him. The item was then no part of any debt defandant then owed plaintiff. Plaintiff had left the cart on defendant's premises; the latter was at most a mere bailee. No demand was ever made for the cart; if plaintiff had wanted it he could have gone and gotten it no doubt, as he had gotten other carts left by him on the premises. It is plainly .evident that the purpose of adding the item to the account sued for was to avoid the effect of the settlement and receipt of December 4, 1906. This is no such case as was presented in *Walker* v. *Railway Co.*, 67 W. Va. 273.

.Our conclusion is to affirm the judgment.                  *Affirmed.*

POFFENBARGER, JUDGE, *(concurring):*

Yielding to the weight of authority, I concur in this decision; but, to my mind, it involves a contradiction. An implied contract to. pay money as interest or upon any other valid consideration is just as binding as an express contract. There is or is not an implied contract to pay interest for the use of money retained after it has become due and payable. Our decisions say there is, and money due is not satisfied by anything short of payment or a release in some form. The receipt is not conclusive and the parol evidence shows the amount received was not accepted as payment in full. If the interest was due by contract, it could not be satisfied or its existence negatived by mere conduct, affording ground for a contrary inference.

The rule here adopted will often work injustice as it has done here. A debtor may refuse payment and threaten defenses as a means of forcing a creditor, who is not in a situation to suffer delay without great hardship, to accept the principal sum without the interest and thus escape payment of a part of what he justly owes. Legal rules should make provision against such results.

Judge WILLIAMS unites in this criticism.