**BANK ONE, WEST VIRGINIA, ST. ALBANS, N.A., Plaintiff,**

v.

**UNITED STATES FIDELITY AND GUARANTY COMPANY, Defendant.**

**Civ. A. No. 2:94–0714.**

United States District Court, S.D. West Virginia, Charleston Division.

Nov. 22, 1994.

William W. Booker and Jonathan Nichol, Kay, Casto, Chaney, Love & Wise, Charleston, WV, for plaintiff.

John T. Miesner, Hoyer, Hoyer & Smith, Charleston, WV, Edward G. Gallagher, Wickwire Gavin, P.C., Vienna, VA, for defendant.

## MEMORANDUM OPINION AND ORDER

HADEN, Chief Judge.

Pending is the Defendant's Motion to Dismiss pursuant to Rule 12(b)(6) of the *Federal Rules of Civil Procedure.* The parties have submitted memoranda in support of their respective positions and the matter is mature for the Court's consideration.

As an initial matter, the Court notes the standard of review of a motion to dismiss filed pursuant to Rule 12(b)(6) of the *Federal Rules of Civil Procedure.* As stated by our Court of Appeals,

> "In general, a motion to dismiss for failure to state a claim should not be granted unless it appears certain that the plaintiff can prove no set of facts which would support its claim and would entitle it to relief. In considering a motion to dismiss, the court should accept as true all well-pleaded allegations and should view the complaint in a light most favorable to the

plaintiff. *See, e.g., De Sole v. United States,* 947 F.2d 1169, 1171 (4th Cir.1991)." *Mylan Laboratories, Inc. v. Matkari,* 7 F.3d 1130, 1134 (4th Cir.1993), *cert. denied, sub nom, American Home Products Corp. v. Mylan Laboratories, Inc.,* — U.S. —, 114 S.Ct. 1307, 127 L.Ed.2d 658 (1994); *see Ridgeway Coal Co. v. FMC Corp.,* 616 F.Supp. 404, 406–07 (S.D.W.Va.1985) (Haden, C.J.) (citing *Conley v. Gibson,* 355 U.S. 41, 45–46, 78 S.Ct. 99, 101–02, 2 L.Ed.2d 80 (1957)).

On May 29, 1991, Plaintiff's predecessor, Citizen's National Bank of St. Albans (hereinafter "Citizens") purchased from the Defendant United States Fidelity and Guaranty Company (hereinafter "USF & G") a Financial Institution Bond. In this Bond, USF & G agreed to insure Citizens against loss resulting from the dishonest or fraudulent acts committed by Citizens' employees against it.

The Bond's Insuring Agreement provides the Bond does not cover "potential income, including but not limited to interest and dividends, not realized by the Insured." (Insuring Agreement, "Conditions and Limitations" section two, "Exclusions" at subparagraph (s)). In addition, subparagraph (v) excludes "indirect or consequential loss of any nature."

Citizens suffered a loss of $511,146.16 through embezzlement by Larry Stewart, a former bank officer. By letter dated December 11, 1991, Citizens notified the Defendant about the Stewart embezzlement loss. On March 20, 1992, Citizens filed a Proof of Loss with the Defendant. On December 7, 1992, Citizens delivered to the Defendant a detailed analysis of the Stewart loss, including a written narrative describing each one of Stewart's one hundred and fifty-seven separate embezzlement transactions supported by bank statements and journal entries.

Seventeen months later on May 23, 1994, the Defendant paid $409,560.00, which represented the amount of money Stewart had embezzled less the Bond's deductible of $100,000.00 and less $1,586.16 restitution Stewart paid to Plaintiff. In consideration for this payment, the Plaintiff executed a "Partial Release" whereby it agreed to "re-

lease, acquit, exonerate and discharge The USF & G Companies from any and all actions, suits, claims, damages and liabilities whatsoever on account of any loss sustained." The Partial Release also contained a reservation of rights clause which stated, "[e]xcepted from this release is the bank's claim in the amount of Eighty two thousand five hundred sixty three and $^{96}/_{100}$ ($82,563.96) for interest on the principal amount of Four Hundred Nine Thousand Five Hundred Sixty and $^{00}/_{100}$ dollars ($409,560.00). USF & G did not sign this release nor did it contain any representations or agreements made by USF & G.

Plaintiff acknowledges payment of the amount owed under the Bond, but here seeks interest on the amount paid for the period of time from the notice of loss to the receipt of payment as damages for Defendant's delay in making payment on the claim.

Because the Court is exercising diversity jurisdiction, the law of West Virginia controls. The Supreme Court of Appeals of West Virginia has already decided the instant issue. *Bennett v. Federal Coal & Coke Co.,* 70 W.Va. 456, 74 S.E. 418 (1912). In *Bennett,* a similar dispute ensued over the payment of interest on the principal debt. *Id.* A settlement was reached on the principal, but the plaintiff argued there was an agreement to resolve the interest question later. *Id.* The court found the reservation of rights made no difference. *Id.* 74 S.E. at 422. The court held that if interest is sought as damages for delay in payment, the cause of action cannot stand alone and does not survive payment of the principal debt. *Id.* In Syllabus Point 4, the court stated:

> "where the contract does not so specifically provide for payment of interest, but the right thereto is by an implication, interest is considered as damages, and not as forming the basis of the action, and is recoverable only along with the principal sum and as an incident thereto, and if the principal sum is accepted in settlement the right to the damages is lost and no separate subsequent action can be maintained therefor."

*Id.* *Bennett* relied in part upon a United States Supreme Court's decision in which the Court held:

> "Where money is retained by one man against the declared will of another, who is entitled to receive it, and who is thus deprived of its use, the rule of courts, in ordinary cases, is, in suits brought for the recovery of the money, to allow interest as compensation to the creditors for such loss. Interest in such cases is considered as damages, and does not form the basis of the action, but is an incident to the recovery of the principal debt. The right of action is the right to compel the payment of the money which is being retained. When he who has this right commences an action for its enforcement, he at the same time acquires a subordinate right, incident to the relief which he may obtain, to demand and receive interest. If, however, the principal sum has been paid, so that, as to it, an action brought cannot be maintained, the opportunity to acquire a right to damages is lost."

*Stewart v. Barnes,* 153 U.S. 456, 14 S.Ct. 849, 38 L.Ed. 781 (1894).

The court acknowledged *Bennett* remains controlling law in West Virginia by holding:

> "[t]he instant case is not within the rule laid down in the Bennett case for the reason that this action was brought to recover principal and interest, both being then unpaid. No separate action has been brought. True, the principal was paid after this suit was commenced, but the facts at the time the action was brought control."

*Morton v. Godfrey L. Cabot, Inc.,* 134 W.Va. 55, 63 S.E.2d 861 (1949). Moreover, the court explained:

> "[t]he rule of law applicable to these facts seems to be undisputed. Where interest is recoverable, not by virtue of an agreement therefor, but wholly as damages for the retention of the principal debt, acceptance of the payment of the principal in full makes recovery of interest thereafter impossible. Interest in such a case is regarded legally as a mere incident to the principal, and when there remains no principal or part of the principal to be recovered there is nothing to which the interest can be incident."

*Hoffman v. Unger*, 125 W.Va. 501, 24 S.E.2d 911 (1943) (Rose, J., concurring).

West Virginia public policy foreshadows this result because it discourages piecemeal litigation. To allow a plaintiff to bring an action after reaching settlement on the underlying claim would encourage litigation rather than compromise.

Interest sought as damages is not recoverable in this action. The Insuring Agreement specifically excludes "interest ... not realized by the Insured." Contrary to Plaintiff's contention, there can be no reasonable expectation interest would be contemplated under the terms of this agreement. Absent a contractual agreement to the contrary, an action for interest alone cannot be permitted to stand. By accepting settlement on the principal, even with the reservation of rights clause, the Plaintiff effectively discharged its claim. The same situation was presented in *Bennett* and West Virginia's highest court held that once the principal was paid, there could be no suit for interest.

The Court concludes the Plaintiff has failed to state a claim upon which relief may be granted. Accordingly, the Defendant's Motion to Dismiss is **GRANTED.** The Court **ORDERS** this case dismissed from the docket of the Court.