UNPUBLISHED

**UNITED STATES COURT OF APPEALS**

**FOR THE FOURTH CIRCUIT**

BANK ONE, WEST VIRGINIA, ST.
ALBANS, NA, Successor to Citizens
National Bank of St. Albans,
<u>Plaintiff-Appellant,</u>

No. 95-2024

v.

UNITED STATES FIDELITY &
GUARANTY COMPANY,
<u>Defendant-Appellee.</u>

Appeal from the United States District Court
for the Southern District of West Virginia, at Charleston.
Charles H. Haden II, Chief District Judge.
(CA-94-714-2)

Argued: July 9, 1996

Decided: August 2, 1996

Before WILKINSON, Chief Judge, LUTTIG, Circuit Judge, and
SHEDD, United States District Judge for the
District of South Carolina, sitting by designation.

_____

Affirmed by unpublished per curiam opinion.

_____

**COUNSEL**

**ARGUED:** Kevin Alfred Nelson, KAY, CASTO, CHANEY, LOVE
& WISE, Charleston, West Virginia, for Appellant. Edward Graham
Gallagher, WICKWIRE, GAVIN, P.C., Vienna, Virginia, for Appel-

lee. **ON BRIEF:** William W. Booker, Jonathan Nicol, KAY, CASTO, CHANEY, LOVE & WISE, Charleston, West Virginia, for Appellant.

_____

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

_____

**OPINION**

PER CURIAM:

Appellant Bank One appeals the district court's grant of summary judgment in favor of appellee United States Fidelity Guaranty Co. ("USF&G") in Bank One's action for payment of interest due to unreasonable delay in payment of amounts due under the fidelity bond provided to Bank One by USF&G. The district court held, on the authority of Bennett v. Federal Coke & Coal Co., 74 S.E. 418 (W. Va. 1912), that Bank One's cause of action for interest ceased to exist due to Bank One's acceptance of payment of the principal debt from USF&G in the course of executing a partial settlement agreement. See J.A. at 154-56. In addition, the district court found that Bank One could not recover interest in any event because recovery of such interest was contrary to the explicit terms of Bank One's fidelity bond, which specifically excluded "interest . . . not realized by the insured." J.A. at 156. The district court further denied as meritless two of Bank One's motions: the first to amend Bank One's complaint to allege a bad faith claim for USF&G's unreasonable delay in payment, and the second to amend the judgment to rescind the partial settlement agreement. See J.A. at 252.

Appellant raises four claims. First, Bank One argues that Bennett's holding that an action for interest cannot be maintained after acceptance of payment of the principal is no longer good law in West Virginia. Second, Bank One argues that neither the fidelity bond nor the partial settlement agreement at issue in the case prevents Bank One from pursuing an action for interest due to unreasonable delay in pay-

2

ment. Third, Bank One argues that the district court erred in failing to allow Bank One to file a second amended complaint. Fourth, Bank One argues it is entitled to rescission of its partial settlement agreement with USF&G due to fraud or mutual mistake.

We have carefully considered the lower court opinions, record, briefs, and the parties' contentions at oral argument. Finding no reversible error, and concluding in particular that Bennett remains the law in West Virginia, we affirm on the opinion of the district court.

AFFIRMED